[Civ. No. 12632. Fourth Dist., Div. One. Jan. 9, 1974.]

JAMES K. VEDDER et al., Plaintiffs and Appellants, v. COUNTY OF IMPERIAL et al., Defendants and Respondents.

COUNSEL

Luce, Forward, Hamilton & Scripps and John D. Collins for Plaintiffs and Appellants.

Jones, Tellam, Irving & Estes, J. Lawrence Irving, Joel C. Estes, Higgs, Fletcher & Mack, Dan E. Hedin and Gerald J. O'Neill for Defendants and Respondents.

OPINION

**AULT, J.** — Appellants (four in number) filed this tort action against respondents, the City and County of Imperial, and others to recover damages for injury to their property and loss of business profits resulting from a fire which occurred at the Imperial County Airport on June 24, 1971. Appellants alleged they leased and occupied premises and conducted business on the airport, which was owned and operated by the City and County of Imperial. After pleading eight counts against defendants not involved in this appeal, each plaintiff attempted to state causes of action against the respondent public entities on three different theories: (1) injury caused by a dangerous condition of the property (Gov. Code, § 835), in counts Nine through Twelve; (2) injury caused by a failure to discharge a mandatory duty (Gov. Code, § 815.6), in counts Thirteen through Sixteen; and (3) injury caused by nuisance (Civ. Code, § 3479), in counts Seventeen through Twenty.

Respondents city and county demurred to all the causes of action on the grounds each failed to state facts sufficient to constitute a cause of action and further that each showed on its face that the action was barred by Government Code sections 850 and 850.2. These statutes provide a public entity is not liable for injury resulting from a failure to provide fire protection service or from a failure to maintain sufficient fire protection facilities.

The trial court sustained the demurrers without leave to amend and dismissed the complaint as to the respondents. This appeal followed.[1]

## CONTENTIONS ON APPEAL

Appellants contend the court erred in sustaining the demurrers because their pleadings state the facts required by the statutes upon which the various causes of action were based (Gov. Code, §§ 835, 815.6 and Civ. Code, § 3479). They also contend the immunity statutes must be strictly construed and do not apply under the facts alleged in their pleading.

Respondents contend proximate causation is not adequately alleged in any of the causes of action and that the actions are barred by Government Code sections 850 and 850.2 which grant them absolute immunity from liability for a failure to provide adequate fire protection.

## DISCUSSION

■ An order of dismissal may be treated as a final judgment for purposes of appeal. (*Caruso* v. *Snap-Tite, Inc.*, 275 Cal.App.2d 211, 214 [79 Cal.Rptr. 642].) ■ On appeal from a judgment entered after a demurrer has been sustained, a reviewing court must accept as true all properly pleaded allegations not inconsistent with other allegations. (*Jones* v. *H. F. Ahmanson & Co.*, 1 Cal.3d 93, 104, fn. 8 [81 Cal.Rptr. 592, 460 P.2d 464].)

*Each* of the causes of action pleaded against respondents incorporated by reference count One, which alleged the fire was the direct and proximate result of the negligence of the *other* defendants[2] in their installation, use and repair of certain gasoline dispensing equipment located on the airport premises.

### THE DANGEROUS CONDITION THEORY

Count Nine (incorporated by reference into counts Ten through Twelve) was based upon Government Code section 835 which states: "Except as provided by statute, a public entity is liable for injury caused by a dangerous

---

[1]Respondents also demurred specially. The trial court sustained the demurrers on all grounds. It is apparent, however, the dismissal resulted from the orders sustaining the general demurrers. If the trial court's ruling on the general demurrers was erroneous, appellants should be permitted to amend to cure the defects to which the special demurrers were directed. Neither side has presented arguments on appeal with respect to the special demurrers.

[2]The defendants charged in counts One through Eight were: Standard Oil of California, Western Operations, Inc.; Pete G. Severance; James Sessions, an individual; and James Sessions dba Service Station Maintenance.

condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was *proximately caused by the dangerous condition,* that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:

"(a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or

"(b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition." (Italics added.)

To state a cause of action against a public entity under Government Code section 835 a plaintiff must plead: (1) a dangerous condition existed on the public property at the time of the injury; (2) the dangerous condition proximately caused the injury; (3) the dangerous condition created a reasonably foreseeable risk of the kind of injury sustained; and (4) the public entity had actual or constructive notice of the dangerous condition of the property in sufficient time to have taken measures to protect against the dangerous condition.

Count Nine (incorporated by reference into counts Ten through Twelve) alleged: respondents' property was in a dangerous condition in that normal airport operations and the operation of businesses involving storage of large amounts of gasoline and other highly combustible chemicals created a severe risk of fire and/or explosion; gasoline fires are controlled only by use of special equipment; respondents "caused, permitted and encouraged" such operations with full knowledge that there were *no* means available to prevent or control gasoline fires; this dangerous condition created a substantial foreseeable risk of the kind of damage appellants suffered, and respondents had notice of the condition in time to have taken preventive measures but failed to remedy the condition and that, as a direct and proximate result of the dangerous condition, appellants suffered the damages described in count One.

In attacking the sufficiency of the pleading, respondents cite *Susman* v. *City of Los Angeles,* 269 Cal.App.2d 803, 808-809 [75 Cal.Rptr. 240], where the court pointed out that all government tort liability is now dependent on statute (Gov. Code, § 815), and that the general rule requiring statutory causes of action to be pleaded with particularity applies. They contend the general allegation that the alleged dangerous condition proximately caused appellants' injuries is therefore insufficient. They say not only

is there no allegation the fire resulted from airport operations, or from storage of fuel, or from failure to take fire precautions, but count One, incorporated by reference, clearly alleged the fire resulted from the negligence of the *other* defendants; nowhere is it alleged respondents either knew or should have known of the defects in defendants' gas pumps.

The argument misconstrues the theory of plaintiffs' pleading. ▮ One who negligently stores gasoline and other highly combustible chemicals on his property, or knowingly permits such negligent storage, may be liable to others for a fire-incurred loss even though the fire was actually started by the negligent conduct of others. "If an injury is produced by the concurrent effect of two separate wrongful acts, each is a proximate cause of the injury, . . ." (*Taylor* v. *Oakland Scavenger Co.,* 17 Cal.2d 594, 602 [110 P.2d 1044].) ▮ Plaintiffs' pleading makes it clear they were charging the nonpublic defendants with negligent conduct in starting the fire (count One) and the public defendants with permitting a dangerous condition to exist on their property, and that the wrongful conduct of both proximately caused their injury. The pleading alleges the elements necessary to state a cause of action against respondents under Government Code section 835 with sufficient particularity to withstand the test of a general demurrer. (See the concurring and dissenting opinions in *Johnson* v. *City of Pacifica,* 4 Cal.App.3d 82, at pp. 88 & 91 [84 Cal.Rptr. 246].)

▮ We also conclude the provisions of Government Code sections 850 and 850.2[3] are not applicable to the facts pleaded. The sections are designed to provide immunity to a public entity from the consequences which might otherwise result from its political decision to provide, or not to provide, fire protection to the public generally, and the extent to which such fire protection is in fact provided. (See Law Revision Com. Comment to Gov. Code, § 850; 32 West's Ann. Cal. Codes, p. 274.)

The statutes must be strictly construed, and governmental immunity should not be decreed unless the Legislature has clearly provided for it. (*Baldwin* v. *State of California,* 6 Cal.3d 424, 435-436 [99 Cal.Rptr. 145, 491 P.2d 1121].) They should not be applied to allow a public entity to escape responsibility for damages resulting from its failure to provide fire protection on property which it owns and manages itself, particularly where

---

[3]The Government Code sections 850 and 850.2 read: "Neither a public entity nor a public employee is liable for failure to establish a fire department or otherwise to provide fire protection service."

"Neither a public entity that has undertaken to provide fire protection service, nor an employee of such a public entity, is liable for any injury resulting from the failure to provide or maintain sufficient personnel, equipment or other fire protection facilities."

it has permitted a dangerous fire condition to exist on the property. In that situation, lack of fire protection is a proper factor to be considered as contributing to the existence of a dangerous condition on the property. (See *Quelvog* v. *City of Long Beach,* 6 Cal.App.3d 584, 591 [86 Cal.Rptr. 127].)

## THE NUISANCE THEORY

Government Code section 815 does not bar nuisance actions against public entities to the extent that such actions are founded on Civil Code sections 3479, 3480 and 3481, which define public and private nuisances. (*Nestle* v. *City of Santa Monica,* 6 Cal.3d 920, 937 [101 Cal.Rptr. 568, 496 P.2d 480].) ■ A fire hazard constitutes a public nuisance. (*County of San Diego* v. *Carlstrom,* 196 Cal.App.2d 485, 489-491 [16 Cal.Rptr. 667].)

In the pleading under consideration, counts Seventeen through Twenty incorporated by reference counts One and Nine (which describe the condition of the property in detail) and then stated the condition "above alleged" constituted "an extreme fire hazard which was a public and private nuisance." Plaintiffs' damages were alleged to have been the direct and proximate result of the dangerous condition, fire hazard and nuisance.

What we have said earlier with respect to proximate cause and non-applicability of Government Code sections 850 and 850.2 applies equally here. The pleading makes it clear that plaintiffs are contending the negligent acts of the nonpublic defendants and the existence of a public nuisance (a fire hazard) on the publicly owned and managed airport property both proximately caused their injuries and damage. It is also clear that plaintiffs are contending the public nuisance on the airport property resulted from a combination of permitting the storage of gasoline and other highly combustible chemicals and not requiring or providing adequate fire protection facilities. The Government Code sections respondents rely upon are not intended to provide immunity under these circumstances, nor do they preclude consideration of a lack of fire protection in determining whether a public nuisance in fact existed.

## THE MANDATORY DUTY THEORY

Appellants' pleading is insufficient insofar as it attempts to plead causes of action under Government Code section 815.6.[4] The Federal Aviation

---

[4]Government Code section 815.6 reads: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proxi-

Authority circulars upon which they rely are merely advisory. Health and Safety Code sections 13000 and 13007 are inapplicable because respondents are not alleged to have "kindled or attended" the fire and are not "persons" as defined by Health and Safety Code section 19. Public Resources Code section 4422 is not applicable to fires within a municipal corporation (Pub. Resources Code, § 4415). The complaint alleges the airport was located in the City of Imperial.

The orders of dismissal are affirmed as to counts Thirteen through Sixteen; they are reversed as to counts Nine through Twelve and Seventeen through Twenty, as to which counts the trial court is instructed to overrule the general demurrers and to allow a reasonable time for plaintiffs to amend the complaint to correct any deficiencies to which the special demurrers were directed.

Brown (Gerald), P. J., and Cologne, J., concurred.

---

mately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."