[No. B106317. Second Dist., Div. Four. Dec. 18, 1997.]

GLENN CAIRNS et al., Plaintiffs and Appellants, v.
COUNTY OF LOS ANGELES, Defendant, Cross-defendant and
Respondent;
CITY OF MALIBU, Defendant, Cross-complainant and Appellant.

LEONARD CHUDACOFF, as Trustee, etc., Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant, Cross-defendant and
Respondent;
CITY OF MALIBU, Defendant, Cross-complainant and Appellant.

HERTA HEIL, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant, Cross-defendant and
Respondent;
CITY OF MALIBU, Defendant, Cross-complainant and Appellant.

COUNSEL

Charles Kelly Kilgore for Plaintiffs and Appellants.

Richards, Watson & Gershon, Steven H. Kaufmann, Nolta & Dickinson and Terrence A. Barak for Defendant, Cross-complainant and Appellant.

Nossaman, Guthner, Knox & Elliott, James C. Powers and Mary Lou Byrne for Defendant, Cross-defendant and Respondent.

OPINION

## VOGEL (C. S.), P. J.

### INTRODUCTION

Plaintiffs' homes in the City of Malibu were damaged by the Malibu fire of November 1993. Following plaintiffs' numerous attempts to plead causes of action for damages against the City of Malibu (City) and County of Los Angeles (County) despite statutory governmental immunity for failure to provide fire protection service (Gov. Code, §§ 850, 850.2, 850.4),[1] the trial court sustained, without leave to amend, City's and County's demurrers to plaintiffs' sixth amended complaints, and entered judgments of dismissal. We affirm based on governmental immunity.[2]

### FACTUAL AND PROCEDURAL BACKGROUND

#### *Procedural*

Three similarly situated plaintiffs (Glenn Cairns, Leonard Chudacoff, and Herta Heil) were represented by the same attorneys below, and their sixth amended complaints were identical in pertinent respects. The actions were consolidated below. City and County filed separate demurrers contending the operative complaints failed to state a cause of action based, in part, on governmental immunity. The trial court ruled that plaintiffs' asserted causes of action based on dangerous condition of public property or nuisance were in reality for failure to provide fire protection service, for which City and County are immune from liability. After sustaining the demurrers without

[1]All further statutory references are to the Government Code unless otherwise indicated.
[2]This renders moot the other asserted deficiencies of plaintiffs' sixth amended complaints and City's appeal from the dismissal of its cross-complaint against County for indemnity or contribution.

leave to amend, the court entered judgments of dismissal from which the three plaintiffs appeal. City had filed a cross-complaint against County for indemnity or contribution. The trial court sustained County's demurrer and gave judgment for County on City's cross-complaint, from which City filed a protective appeal. We consolidated the appeals.

*Factual*

On November 2, 1993, plaintiffs' homes were damaged by fire "as a result of the Malibu fire . . . which passed through the Rambla Pacifico area of Malibu, just above the Las Flores Canyon area and through Las Flores Canyon itself, as well as through other adjacent areas."

Rambla Pacifico and Las Flores Canyon roads are public roadways.[3] The relative responsibility between City and County for the condition of Rambla Pacifico has been a matter of dispute. In *Re-Open Rambla, Inc.* v. *Board of Supervisors* (1995) 39 Cal.App.4th 1499 [46 Cal.Rptr.2d 822], it was adjudged that when City incorporated in 1991, it acquired, as a matter of law, ownership of that portion of Rambla Pacifico within its boundaries, which had previously been within the territory of County. County had closed that road in 1984, "approximately one-half mile from its intersection with Pacific Coast Highway, because of earth movement" caused by County construction activity. (*Id.* at p. 1502.)

In their third cause of action, against City, plaintiffs alleged that the closed condition of Rambla Pacifico was a dangerous condition of public property, within the meaning of section 835, in that "it would not be adequate for purposes of ingress or egress of emergency equipment in the event of a disaster." When the fire broke out, "it became impossible for fire fighters to respond thereto, in that Las Flores Canyon roadway was closed and impossible to pass."

In their fourth cause of action, against City and County, plaintiffs alleged that "by allowing its [County's] activities to cause the closing of Rambla Pacifico, and thereafter by their [County and City] acts in maintaining the closure of Rambla Pacifico and performing maintenance work upon said road, they were creating a dangerous condition," which constituted a nuisance within the meaning of Civil Code section 3479, in that "property owners who relied on Rambla Pacifico for ingress and egress would be unable to access their properties during fire, . . . [and] it would be impossible for the fire crews to properly maintain fire prevention methods and to reach the property of Plaintiffs during a fire . . . ."

---

[3]The record and briefs contain inconsistent spellings of Rambla "Pacifico" or "Pacifica," and "Los" or "Las" Flores Canyon. We use Rambla "Pacifico" and "Las" Flores Canyon, even in quoted matter. (The Thomas Guide (1996 Los Angeles/Orange Zip Code ed.) p. 629.)

## Discussion

■ Whether plaintiffs have pleaded sufficient facts to avoid defendants' statutory immunity presents a question of law for our independent review. (E.g., *Gates* v. *Superior Court* (1995) 32 Cal.App.4th 481, 494 [38 Cal.Rptr.2d 489].)

■ Under the California Tort Claims Act, the general rule of public entity liability and immunity is provided in section 815, which states, "*Except as otherwise provided by statute:* [¶] (a) A public entity is *not liable* for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person. [¶] (b) *The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part,* and is subject to any defenses that would be available to the public entity if it were a private person." (Italics added.) In other words, a public entity is liable only if a statute so provides, and even so, "under subdivision (b) of [section 815], the immunity provisions will as a general rule prevail over all sections imposing liability." (Legis. committee com., 32 West's Ann. Gov. Code, § 815 (1995 ed.) pp. 167-168.)

Plaintiffs attempt to satisfy the statutory basis for liability by alleging that the closed Rambla Pacifico Road constituted either a dangerous condition of its property for which City may be liable under section 835, or a nuisance for which either public entity may be liable under Civil Code section 3479 et seq. (*Mikkelsen* v. *State of California* (1976) 59 Cal.App.3d 621, 627 [130 Cal.Rptr. 780].)

Defendants do not concede that plaintiffs have adequately pleaded a dangerous condition of public property or a nuisance. We need not decide those issues, however, because even assuming that plaintiffs adequately pleaded a statutory premise for liability, defendants are immune from liability if any of the specific immunities in the Tort Claims Act applies. (Legis. committee com., 32 West's Ann. Gov. Code, to § 815, *supra*, pp. 167-168; e.g., *Cochran* v. *Herzog Engraving Co.*(1984) 155 Cal.App.3d 405, 410, fn. 2, 411 [205 Cal.Rptr. 1]; *Mikkelsen* v. *State of California, supra,* 59 Cal.App.3d at pp. 628-630; *Uyeno* v. *State of California* (1991) 234 Cal.App.3d 1371, 1376 [286 Cal.Rptr. 328].)

Sections 850, 850.2, and 850.4 provide the following immunities relating to failure to provide fire protection service: "Neither a public entity nor a public employee is liable for failure to establish a fire department or otherwise to provide fire protection service." (§ 850.)

"Neither a public entity that has undertaken to provide fire protection service, nor an employee of such a public entity, is liable for any injury resulting from the failure to provide or maintain sufficient personnel, equipment or other fire protection facilities." (§ 850.2.)

"Neither a public entity, nor a public employee acting in the scope of his employment, is liable for any injury resulting from the condition of fire protection or firefighting equipment or facilities or . . . for any injury caused in fighting fires." (§ 850.4.)

These sections "provide for a *broad* immunity from liability for injuries resulting in connection with fire protection service. [¶] Sections 850 and 850.2 provide an absolute immunity from liability for injury resulting from failure to provide fire protection or from failure to provide enough personnel, equipment or other fire protection facilities. Whether fire protection should be provided at all, and the extent to which fire protection should be provided, are political decisions which are committed to the policy-making officials of government. To permit review of these decisions by judges and juries would remove the ultimate decision-making authority from those politically responsible for making the decisions." (Cal. Law Revision Com. com. to §§ 850 and 850.2, 32 West's Ann. Gov. Code, *supra*, at p. 468, italics added.)

Although plaintiffs couched their allegations in language of a dangerous condition of public property, the only reason the condition was allegedly dangerous is that the continued closure of Rambla Pacifico made ingress for firefighters more difficult, if not impossible. Essentially plaintiffs contend that defendants had a duty to repair and reopen Rambla Pacifico for the purpose of a fire road. This is precisely the sort of decision left to policymakers' absolute discretion by the broad immunity of section 850 regarding "failure . . . otherwise to provide fire protection service." In addition, in the context of plaintiffs' allegations the condition of the road relates to "fire protection facilities" as that term in sections 850.2 and 850.4 has been broadly interpreted in the cases. (*Heieck and Moran* v. *City of Modesto* (1966) 64 Cal.2d 229, 230-231, 233 [49 Cal.Rptr. 377, 411 P.2d 105] [valve of water main was closed, resulting in no water for fire hydrants; "Thus whether the alleged injury to plaintiff's premises be viewed as resulting from 'failure to provide or maintain sufficient . . . fire protection facilities' (§ 850.2), or from the closed 'condition' of the water valve (§ 850.4) the conclusion is inescapable that the Legislature intended to establish immunity under the circumstances alleged by plaintiff"]; *New Hampshire Ins. Co.* v. *City of Madera* (1983) 144 Cal.App.3d 298, 301, 303 [192 Cal.Rptr. 548] [lack of water in fire hydrant was due to a closed water valve several blocks

away which was part of the city's water delivery system but not specifically under control of the fire department; held the condition of the water delivery system was within the meaning of fire protection facilities, rendering city immune from liability].)

Plaintiffs misplace reliance on *Vedder v. County of Imperial* (1974) 36 Cal.App.3d 654 [111 Cal.Rptr. 728], which is distinguishable. There the fire occurred on the public entity's own airport property, where the public entity permitted large quantities of highly combustible gasoline to be stored on the site, without the special equipment needed to control gasoline fires. The court refused to apply the fire protection immunity statutes "to allow a public entity to escape responsibility for damages resulting from its failure to provide fire protection on property which it owns and manages itself, particularly where it has permitted a dangerous fire condition to exist on the property. In that situation, lack of fire protection is a proper factor to be considered as contributing to the existence of a dangerous condition on the property." (*Id.* at pp. 660-661.) Here, defendants did not store flammable materials on the closed Rambla Pacifico road; the closed road was not in itself a fire hazard; the condition of the road did not cause the fire. Defendants' failure to repair and reopen a damaged closed road merely to have it available as an alternative fire road is, in these circumstances, a failure to provide fire protection service or fire protection facilities within the immunities of sections 850, 850.2, and 850.4.

## DISPOSITION

The judgments of dismissal of plaintiffs' complaints against the City of Malibu and the County of Los Angeles are affirmed. Defendants are awarded costs on appeal against plaintiffs. The City of Malibu's appeal from the judgment dismissing its cross-complaint against the County of Los Angeles is dismissed as moot. The City of Malibu and the County of Los Angeles shall bear their own costs on the appeal of the judgment on the cross-complaint.

Hastings, J., and Baron, J., concurred.