[No. E028068. Fourth Dist., Div. Two. Mar. 27, 2001.]

THE STATE OF CALIFORNIA, Petitioner, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
WANDA NAGEL et al., Real Parties in Interest.

**COUNSEL**

Bill Lockyer, Attorney General, Pamela Smith-Steward, Chief Assistant Attorney General, Margaret A. Rodda, Assistant Attorney General, Kristin G. Hogue and Karen M. Walter, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Mastagni, Holstedt & Chiurazzi, Timothy C. McNeill and Michael R. Kelly for Real Parties in Interest.

**OPINION**

**McKINSTER, Acting P. J.**—This case presents an issue of first impression concerning the application of the immunity provisions contained in Government Code section 850.4.[1] We conclude that the immunity applies to the actions alleged against petitioner in this case, and that the action is therefore barred. Accordingly, we will grant the relief requested and direct the trial court to sustain petitioner's demurrer without leave to amend.

### FACTS AND PROCEDURE

Plaintiffs sue, on numerous factual and legal theories, for the death of Gary Duane Nagel. Although the complaint is not a model of pleading,[2] one gleans that Gary Duane Nagel died while piloting an airplane and while engaged in the activity of attempting to drop fire retardant materials on a forest or brush fire.[3] However, it appears that decedent was not employed by the State of California (State).[4]

---

[1] All subsequent statutory references are to the Government Code unless otherwise specified.

[2] See, e.g., *Selby Realty Co. v. City of San Buenaventura* (1973) 10 Cal.3d 110, 125 [109 Cal.Rptr. 799, 514 P.2d 111]; *Davis v. Marin* (2000) 80 Cal.App.4th 380, 384 [94 Cal.Rptr.2d 896].

[3] It is variously alleged that the airplane had a defective dropping system (count I), and/or a defective rudder (count II); that the airplane was negligently repaired or maintained (count III); that the flight path or other activities were negligently directed, that "plaintiff" (presumably meaning decedent) was not warned of dangerous conditions such as smoke and was not adequately trained (counts IV, V, VI); and that the airplane's engines were inadequate and the discharge system poorly designed (counts VII, VIII). A claim for loss of consortium is then attached (count IX).

[4] Labor Code section 3602, subdivision (a), provides that where the conditions for workers' compensation exist, it is the employee's exclusive remedy against the employer. There are a few exceptions, none of which would apply to this case. Thus, Gary Duane Nagel cannot have been employed by the State or the State would have raised this clear and complete defense.

The State demurred to the complaint on two grounds: lack of specificity as to the basis for liability, and statutory immunities as set forth in the Government Code. The trial court sustained the demurrer to the first two causes of action, sounding in products liability, but otherwise overruled it. The State sought review from this court.

### DISCUSSION

■ Had the question been one only of insufficiently specific pleading, we would have been disinclined to set the matter for hearing, as appellate courts rarely undertake plenary pretrial review of pleading issues, especially where the trial court has *overruled* a demurrer. (See *City of Huntington Park v. Superior Court* (1995) 34 Cal.App.4th 1293, 1297 [41 Cal.Rptr.2d 68].) However, the State's immunity claims raise an issue of significance, making review by extraordinary writ appropriate. (*Ibid.*; see also *Courtesy Ambulance Service v. Superior Court* (1992) 8 Cal.App.4th 1504, 1510 [11 Cal.Rptr.2d 161].)[5] As we resolve the immunity issue in the State's favor, we need not decide whether plaintiffs' claims otherwise were adequately pleaded.

As noted above, the State relies upon the immunity provided by section 850.4.[6] That section provides that: "Neither a public entity, nor a public employee acting in the scope of his employment, is liable for any injury resulting from the condition of fire protection or firefighting equipment or facilities or, except as provided in Article 1 (commencing with Section 17000) of Chapter 1 of Division 9 of the Vehicle Code, for any injury caused in fighting fires."[7]

It is clear, and plaintiffs do not dispute, that these statutory provisions will bar an action by a nonparticipant third party victim of a fire. Thus, in *Lainer Investments v. Department of Water & Power* (1985) 170 Cal.App.3d 1, 7 [215 Cal.Rptr. 812], the immunities were applied to defeat a claim based on allegations that inadequate water pressure made firefighting efforts ineffective and led to increased fire damage; in *Heimberger v. City of Fairfield*

---

[5]For obvious reasons, virtually all, if not all, of the published cases involving demurrer writs are those in which the appellate court *does* find an issue worth dealing with at that stage. Practitioners should not take this as an indication that routine, nondispositive rulings on pleading motions are promising subjects for writ petitions. They are not.

[6]The State also cites section 850.2. That statute provides immunity "for any injury resulting from the failure to provide or maintain sufficient personnel, equipment, or other fire protection facilities." We do not view the allegations of the complaint as relating in any way to the *sufficiency* of any equipment, and therefore will focus on section 850.4. However, if section 850.2 *did* apply, our analysis of that statute would track that of section 850.4.

[7]The referenced provisions of the Vehicle Code establish a qualified immunity for injuries resulting from the operation of emergency vehicles (fire and police) and are not applicable to this case.

(1975) 44 Cal.App.3d 711, 713-716 [117 Cal.Rptr. 482], the court rejected a claim for personal injury due to firefighters' ineffective and allegedly negligent attempts to rescue the plaintiff. As we have remarked above (see fn. 4, *ante,* at p. 1411), the workers' compensation system provides the only remedy against a public entity for a public *employee* who is injured in connection with firefighting activities. ▆ The question presented by the pleading is whether a *nonemployee* who is *engaged in firefighting activities* can state any kind of claim against a public entity when he is injured. We conclude that he cannot.

The novelty of the issue presumably arises from the circumstance that most of the persons injured while fighting fires are in fact public employees, and their cases do not reach the civil courts. However, the general principles underlying the statute guide our analysis.

▆ Section 850.4, and related statutes such as section 850.2, were enacted to protect the discretion of public officials in determining whether fire protection should be provided at all, and, if so, to what extent and with what facilities. The statutes recognize that these are essentially political, policymaking decisions that should not be second-guessed by judges or juries. (*Cairns v. County of Los Angeles* (1997) 62 Cal.App.4th 330, 335 [72 Cal.Rptr.2d 460], citing and discussing the Cal. Law Revision Com. com. to §§ 850, 850.2.)

Thus, it is plain from the statutory language that a public entity could not be sued over a failure, for example, to locate a fire station within any particular distance of the plaintiff's home, or to purchase the largest and most up-to-date fire truck available. However, it has been judicially explained that the statutes also immunize what may be called "operational" negligence and mischance. (Cf. the more limited sweep of the general "discretionary immunity" statute, § 820.2, which does *not* immunize routine day-to-day or "operational" decisions; see *Barner v. Leeds* (2000) 24 Cal.4th 676, 684-685 [102 Cal.Rptr.2d 97, 13 P.3d 704].) Typical are cases such as *Lainer Investments v. Department of Water & Power, supra,* 170 Cal.App.3d 1, in which the valve between the main water line and the fire-sprinkler line had been left virtually closed, resulting in inadequate water pressure to the sprinklers and serious damage to the building. (See also *Heieck and Moran v. City of Modesto* (1966) 64 Cal.2d 229, 233 [49 Cal.Rptr. 377, 411 P.2d 105], on similar facts.) Furthermore, *Heimberger v. City of Fairfield, supra,* 44 Cal.App.3d at page 714, demonstrates that acts or omissions related to firefighting are immune even if no "equipment" or "facilities" are involved, and holds that the statutes "establish immunity not only for injury resulting from the condition of fire-fighting equipment or facilities but also for conduct of firemen in fighting fires."

 In their effort to recover against the State, plaintiffs have alleged several negligent acts or omissions on the part of that entity which may separately or together, have led to the death of decedent. All, however, necessarily relate either to the condition of decedent's airplane[8] or to the advice and instructions given (or not given) by State employees. If State employees had negligently selected a flight path that resulted in the dropping of fire retardant in the wrong place, and consequently, increased fire loss of property, section 850.4 would apply. If the crash of decedent's plane had caused injury to a private person on the ground, that person would have no viable claim against the State. The statute also applies to real parties in interest's efforts to recover for the death of Gary Duane Nagel.

It is true that the statute speaks of injuries "caused" in fighting fires rather than injuries "suffered" while fighting fires, and that the Law Revision Commission remarked that "firemen should not be deterred from any action they may desire to take in combating fires by a fear that liability might be imposed if a jury believes such action to be unreasonable." (*Cairns v. County of Los Angeles, supra,* 62 Cal.App.4th 330, 335, citing and discussing the Cal. Law Revision Com. com. to §§ 850, 850.2.) Arguably this suggests that the statute is directed only at suits by members of the public. But in relation to the employees of the State whose putative negligence resulted in his death, Gary Duane Nagel *was* a member of the public. It may be debated whether it is necessary to immunize decisions such as drawing up a flight plan or advising a firefighting pilot, but we are satisfied that these decisions are within the scope of section 850.4.

As the Legislature has recognized, the activity of fighting fires necessarily creates danger to both property and persons, and to firefighters as well as members of the public. Decisions must often be made under stressful circumstances and require a balancing of risks against the odds of success which must be imperfect at best. The Legislature has determined that the wisdom of such decisions is unlikely to be affected for the better by a fear of financial liability. It is unfortunate if, as real parties allege, bad decisions contributed to the death of Gary Duane Nagel. However, it would have been equally unfortunate if the decisions had led to the death of a spectator, news reporter, or homeowner. In any of these cases the immunity applies.[9]

Finally, real parties in interest argue that the State would not have been immune under the statutes discussed if the accident had occurred *other* than

---

[8]It is not entirely clear from the pleading who owned the aircraft. However, it is fairly clear at least that real parties allege that the State had some role in its maintenance. We are, of course, not here concerned with real parties' ability to prove any of their allegations, but only with whether or not they state a viable cause of action. (See *Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 34, fn. 3 [77 Cal.Rptr.2d 709, 960 P.2d 513].)

[9]Although Gary Duane Nagel, and his family, have no recourse under workers' compensation laws against the State, presumably coverage through *his* employer does exist.

during firefighting activities—perhaps during a training run. (See *Potter v. City of Oceanside* (1981) 114 Cal.App.3d 564, 566 [170 Cal.Rptr. 753]; immunity does not apply to negligent advice by fire captain *before* fire starts.) Assuming, arguendo, that this is so, it does not aid their case. Insofar as the statutes protect actions taken in the heat of firefighting, they validly confer immunity for actions and decisions made under crisis conditions even if no immunity would be available for the same action or decision taken without urgency. (*Heimberger v. City of Fairfield, supra,* 44 Cal.App.3d 711.) The decision was one for the Legislature to make, and is reasonable, and we will respect it.

Let a peremptory writ of mandate issue as prayed. Upon the finality of this opinion, the stay of proceedings previously ordered shall be dissolved. Petitioner to recover its costs.

Richli, J., and Gaut, J., concurred.