Filed 8/27/15

## CERTIFIED FOR PUBLICATION

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| NATHAN PUSKAR,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant and Respondent. | F070153<br><br>(Super. Ct. No. CV57880)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tuolumne County.  Kate Powell-Segerstrom, Judge.

Young Ward & Lothert, Bradley L. Young and Scott Ward for Plaintiff and Appellant.

Dennis J. Herrera, City Attorney, Cheryl Adams and Mark D. Lipton, Deputy City Attorneys, for Defendant and Respondent.

-ooOoo-

Plaintiff appeals from a summary judgment entered against him in an action alleging he was injured by a dangerous condition of public property.  The alleged dangerous condition was the absence of a fire extinguisher from the residence plaintiff rented from defendant.  The trial court concluded liability was precluded by the immunity accorded to a public entity for failing to provide or maintain fire protection facilities or equipment.  We conclude the trial court properly applied the immunity statute and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was a forest ranger at Yosemite National Park. He lived in a residential unit he rented from defendant, a public entity. Defendant provided plaintiff and other tenants with fire extinguishers; it collected and exchanged them in a process that normally occurred within a single day. On October 22, 2011, plaintiff was cooking in his residence when oil in a skillet on the stove caught fire. Plaintiff ran to get the fire extinguisher, but it was not there. It had been picked up about a month before and had not been replaced. After unsuccessfully attempting to smother the flames with a baking sheet, plaintiff grabbed the skillet with an oven mitt, kicked the screen door open and tried to throw the pan out the door. The door, which was on a spring, swung back and hit the pan, splashing burning grease onto plaintiff's hand. Plaintiff then jumped down the stairs as the pan hit the stairs and splashed burning grease on his back.

Plaintiff sued defendant for damages for the injuries he suffered, alleging the absence of a fire extinguisher in the residence constituted a dangerous condition of public property. Defendant moved for summary judgment, asserting various grounds, including it was immune from liability for failing to provide or maintain firefighting equipment (Gov. Code, § 850.2).[1] The trial court granted the motion, finding, as a matter of law, that defendant was immune from liability for failing to provide a fire extinguisher. Judgment was entered and plaintiff appeals.

## DISCUSSION

### I.    Standard of Review

We review a summary judgment de novo. (*Truck Ins. Exchange v. Amoco Corp.* (1995) 35 Cal.App.4th 814, 822.) "'In so doing, we apply the same three-step analysis required of the trial court: We first identify the issues framed by the pleadings, since it is these allegations to which the motion must respond. Secondly, we determine whether the

---

[1]    All further statutory references are to the Government Code unless otherwise indicated.

2.

moving party has established facts which negate the opponents' claim and justify a judgment in the movant's favor.  Finally, if the summary judgment motion prima facie justifies a judgment, we determine whether the opposition demonstrates the existence of a triable, material factual issue.'"  (*Ibid*.)

## II.  Public Entity Liability

All public entity liability for injuries is statutory.  "Except as otherwise provided by statute [¶] … [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." (§ 815, subd. (a).)  This liability, however, "is subject to any immunity of the public entity provided by statute."  (§ 815, subd. (b).)  "In other words, a public entity is liable only if a statute so provides, and even so, 'under subdivision (b) of [section 815], the immunity provisions will as a general rule prevail over all sections imposing liability.'" (*Cairns v. County of Los Angeles* (1997) 62 Cal.App.4th 330, 334.)

"[T]he liability of public entities as property owners is set out specifically in Government Code section 835."  (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1132.)  Section 835 provides that "a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:  [¶] (a) A negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or [¶] (b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition."  (§ 835.) Section 830 defines a dangerous condition as "a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when

such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used." (§ 830, subd. (a).)

Plaintiff's complaint attempted to allege two causes of action for injuries arising from a dangerous condition of public property, one based on creation of such a condition by a public employee (§ 835, subd. (a)) and the other based on notice of an alleged dangerous condition and failure to protect against it (§ 835, subd. (b)). In its motion for summary judgment, defendant contended the immunity conferred by section 850.2 barred liability, and the trial court agreed.

### III.    Immunity

Section 850.2 provides: "Neither a public entity that has undertaken to provide fire protection service, nor an employee of such a public entity, is liable for any injury resulting from the failure to provide or maintain sufficient personnel, equipment or other fire protection facilities." To the extent defendant undertook to provide fire protection service by initially equipping plaintiff's residence with a fire extinguisher, this section precludes defendant's liability for failing to provide or maintain that firefighting equipment.

#### A.    *Governmental activities versus proprietary activities*

Plaintiff contends section 850.2 does not apply in this case, because that section "immunizes a public entity only when it is acting in its governmental role," and not when it is acting in a proprietary role as landlord under a private rental agreement. Prior to the enactment of the Government Claims Act in 1963, the law governing liability of a public entity for torts distinguished between torts that arose out of governmental activities and those that arose out of proprietary activities. (See, e.g., *Sanders v. City of Long Beach* (1942) 54 Cal.App.2d 651, 653–654 (*Sanders*).) Sovereign immunity precluded liability for governmental activities. (*Gates v. Superior Court* (1995) 32 Cal.App.4th 481, 497 (*Gates*).) Those activities included making and enforcing police regulations, preventing crime, preserving public health, preventing fires, caring for the poor, and educating the

4.

young; buildings and equipment involved in those activities were also protected by sovereign immunity. (*Sanders*, at pp. 658–659.)

If the public entity's activity was proprietary in character, however, liability for the negligent conduct of its employees or the unsafe condition of its property was the same as that of a private employer or owner. (*Gates*, *supra*, 32 Cal.App.4th at p. 654.) Proprietary activities included operating hospitals, electric plants, water systems, garages for repair of government-owned cars, and airports. (*Sanders*, *supra*, 54 Cal.App.2d at p. 660.)

In *Cabell v. State of California* (1967) 67 Cal.2d 150,[2] a student, who was a paying resident in a state-owned college dormitory, was injured when his hand went through a swinging glass door in the dormitory bathroom. (*Cabell,* at pp. 151, 153.) He sued the state, alleging the property was in a dangerous condition because the door lacked safety glass. The trial court granted the state's motion for summary judgment, on the ground the state had immunity for discretionary decisions regarding design and construction of the bathroom (§ 830.6). (*Cabell*, at pp. 151–153.) The court affirmed, applying the Government Claims Act even though the injury occurred prior to its enactment, and concluding there was "[n]o sound basis" for differentiating between proprietary and governmental activities. (*Cabell,* at p. 152.)

In *Slapin v. Los Angeles International Airport* (1976) 65 Cal.App.3d 484, the court also rejected an attempt to distinguish between governmental and proprietary activities in the context of an alleged failure to provide adequate police protection services. The plaintiff in *Slapin* was beaten and injured in a parking lot at the airport, where he was a paying customer. The plaintiff argued immunity for failure to provide sufficient police protection (§ 845) should not apply when the governmental entity was engaged in a

---

[2] Overruled on another ground in *Baldwin v. State of California* (1972) 6 Cal.3d 424, 438–439.

proprietary function such as operating a parking lot for paying patrons. (*Slapin,* at p. 487.) The court rejected the argument: "This contention is without merit because the former distinction between 'proprietary' and 'governmental' activities of a public entity [citation] was abolished by the statutory scheme enacted in 1963." (*Ibid.*)

Under current law, there is no distinction between governmental and proprietary activities in applying the government tort liability statutes. Plaintiff's argument is without merit.

### B.    *Vedder v. County of Imperial*

Plaintiff cites *Vedder v. County of Imperial* (1974) 36 Cal.App.3d 654 (*Vedder*) as a case in which the court declined to apply section 850.2 immunity to injuries caused by a fire, where the public entity's failure to provide fire protection equipment created a dangerous condition of public property. *Vedder* is distinguishable, however.

In *Vedder*, the plaintiffs, who leased business property on the premises of the defendants' airport, sued to recover for damage to their property and businesses caused by a fire at the airport. They alleged their injuries were caused by a dangerous condition of public property (§ 835), among other theories. The trial court sustained the defendants' demurrer without leave to amend; the demurrer asserted immunity under sections 850 and 850.2. The court reversed as to the causes of action that attempted to allege a dangerous condition of public property.

The dangerous condition alleged by the plaintiffs' complaint was "that normal airport operations and the operation of businesses involving storage of large amounts of gasoline and other highly combustible chemicals created a severe risk of fire and/or explosion; gasoline fires are controlled only by use of special equipment; [and] respondents 'caused, permitted and encouraged' such operations with full knowledge that there were *no* means available to prevent or control gasoline fires." (*Vedder*, *supra*, 36 Cal.App.3d at p. 659.) The court observed that "[o]ne who negligently stores gasoline and other highly combustible chemicals on his property, or knowingly permits such

negligent storage, may be liable to others for a fire-incurred loss even though the fire was actually started by the negligent conduct of others." (*Id.* at p. 660.)

The court concluded the immunity provisions of sections 850 and 850.2 did not apply.

> "The sections are designed to provide immunity to a public entity from the consequences which might otherwise result from its political decision to provide, or not to provide, fire protection to the public generally, and the extent to which such fire protection is in fact provided. (See Law Revision Com. Comment to Gov. Code, § 850; 32 West's Ann. Cal. Codes, p. 274.)

> "The statutes must be strictly construed, and governmental immunity should not be decreed unless the Legislature has clearly provided for it. [Citation.] They should not be applied to allow a public entity to escape responsibility for damages resulting from its failure to provide fire protection on property which it owns and manages itself, particularly where it has permitted a dangerous fire condition to exist on the property. In that situation, lack of fire protection is a proper factor to be considered as contributing to the existence of a dangerous condition on the property." (*Vedder*, *supra*, 36 Cal.App.3d at pp. 660–661.)

In *Vedder*, the alleged dangerous condition of the property was not the lack of firefighting or fire protection equipment on the premises. It was the storing, or permitting the storage, of gasoline and other highly combustible chemicals on the premises in an unsafe manner, that is, without any means of preventing or controlling a fire. Lack of fire protection was just a "factor … contributing to the existence of a dangerous condition," not the dangerous condition itself. (*Vedder*, *supra*, 36 Cal.App.3d at p. 661.) The defendants' immunity under section 850.2 for failure to provide fire protection equipment did not extend to liability for the creation or maintenance of a fire hazard on the property, exacerbated by the failure to provide firefighting equipment.

We disagree with *Vedder* to the extent it suggests immunity under sections 850 and 850.2 does not attach when the public entity's decision is not a "political decision to provide, or not to provide, fire protection to the public generally," but a decision about

7.

property "it owns and manages itself." (*Vedder*, *supra*, 36 Cal.App.3d at pp. 660–661.) The statute contains no such limitation. The Law Revision Commission Comments to sections 850, 850.2 and 850.4, which *Vedder* cited in concluding immunity under those sections did not apply in that case, state:

> "Sections 850 and 850.2 provide an absolute immunity from liability for injury resulting from failure to provide fire protection or from failure to provide enough personnel, equipment or other fire protection facilities. Whether fire protection should be provided at all, and the extent to which fire protection should be provided, are political decisions which are committed to the policy-making officials of government. To permit review of these decisions by judges and juries would remove the ultimate decision-making authority from those politically responsible for making the decisions." (Cal. Law Revision Com. com., 32 West's Ann. Gov. Code (2012 ed.) foll. §§ 850, 850.2, p. 254.)

We do not view decisions regarding whether, when, and how to provide fire protection facilities, personnel, or equipment, to be any less policy decisions of public officials and employees when the facilities, personnel, or equipment will directly benefit those occupying or using public property (like the airport tenants in *Vedder*) than when they will benefit members of the general public occupying or using private property. Section 850.2 contains no language limiting its application to situations that involve "political" decisions. It contains no definition of the term "political" decision. It contains no exception for failing to maintain fire protection equipment on public property, or on public property leased to a tenant. A judge or jury "would remove the ultimate decision-making authority" from the public entity decision-makers by second guessing their decisions, whether the decisions involve equipment to be used on fires occurring on public property or equipment to be used on fires occurring elsewhere.

Plaintiff asserts: "Providing a fire extinguisher in a private residential rental unit is not a political decision made by policy-making officials; it is an economic and business decision made by a private landlord." He cites no evidence in the record and no legal authority in support of this assertion, but again insists immunity should not apply because

8.

defendant was acting in a proprietary, not a governmental, role. We have already rejected that argument.

Here, unlike *Vedder*, the only alleged dangerous condition of the property was the absence of a fire extinguisher from the residence at the time of the incident.[3] There were no allegations of unsafe storage of flammable materials, defects in the stove plaintiff was using, or any other condition of the property itself that contributed to the occurrence of the fire.

Other cases indicate the immunity for failing to provide or maintain firefighting equipment or facilities is not limited to "political" decisions. In *State of California v. Superior Court* (2001) 87 Cal.App.4th 1409, the court observed:

> "Section 850.4, and related statutes such as section 850.2, were enacted to protect the discretion of public officials in determining whether fire protection should be provided at all, and, if so, to what extent and with what facilities. The statutes recognize that these are essentially political, policymaking decisions that should not be second-guessed by judges or juries. [Citation.] [¶] … However, it has been judicially explained that the statutes also immunize what may be called 'operational' negligence and mischance. [Citation.] Typical are cases such as *Lainer Investments v. Department of Water & Power* [(1985)] 170 Cal.App.3d 1, in which the valve between the main water line and the fire-sprinkler line had been left virtually closed, resulting in inadequate water pressure to the sprinklers and serious damage to the building. [Citation.] Furthermore, *Heimberger v. City of Fairfield* [(1975)] 44 Cal.App.3d [711,] 714, demonstrates that acts or omissions related to firefighting are immune even if no 'equipment' or 'facilities' are involved, and holds that the statutes 'establish immunity not only for injury resulting from the condition of fire-fighting equipment or facilities but also for conduct of firemen in fighting fires.'" (*Id.* at p. 1413.)

The decision to equip the residential rental units with fire extinguishers was a policy decision by defendant. Even if defendant was negligent in removing and failing to

---

**3** We note plaintiff did not attempt to allege a cause of action for violation of a mandatory duty under section 815.6, based on some duty defendant owed to plaintiff to provide a fire extinguisher in the residence.

return or replace the fire extinguisher in plaintiff's residence that operational negligence still falls within the scope of the immunity afforded by section 850.2. Consequently, we conclude the trial court properly found that plaintiff's claim against defendant is barred by immunity pursuant to section 850.2.

### *DISPOSITION*

The judgment is affirmed. Defendant is entitled to its costs on appeal.


_____
HILL, P.J.

WE CONCUR:


_____
KANE, J.


_____
SMITH, J.