[Civ. No. 34428. First Dist., Div. Four. Jan. 20, 1975.]

DONALD HEIMBERGER, Plaintiff and Appellant, v.
CITY OF FAIRFIELD, Defendant and Respondent.

**COUNSEL**

Casper Lucchesi & Harrison and David P. Lucchesi for Plaintiff and Appellant.

Goodman, Herbert & Lucas and Dennis Bunting for Defendant and Respondent.

**OPINION**

**CHRISTIAN, J.**—Donald Heimberger purportedly appeals after the court sustained, without leave to amend, the general demurrer of respondent City of Fairfield to appellant's first amended complaint. ██ The record on appeal does not include a judgment of dismissal; an order sustaining a demurrer is not appealable. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, §§ 843, 850, pp. 2448-2449, 2453.) However, where the questions are of law and the parties have invited the appellate court to decide the issues, the court may dismiss the appeal after rendering an opinion dealing with the merits. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 225, pp. 4214-4215.)

Appellant sought recovery for injuries allegedly sustained in the course of efforts of city firemen to rescue him when he was trapped by a fire in the boarding house in which he resided. In sustaining the general demurrer *without leave to amend*, *the court took the view that* appellant's claim was defeated by Government Code section 850.4, which provides for governmental immunity for fire-fighting activities.

██ Appellant contends that Government Code section 850.4[1] relieves respondent from liability *only* for injury caused, in fighting fires, by the condition of fire equipment or facilities. Government Code section 850.4 provides: "Neither a public entity, nor a public employee acting in the scope of his employment, is liable for any injury resulting from the condition of fire protection or firefighting equipment or facilities or

---

[1]Part of the California Tort Claims Act of 1963 (Gov. Code, § 810 et seq.).

except as provided in Article 1 (commencing with Section 17000) of Chapter 1 of Division 9 of the Vehicle Code, for any injury caused in fighting fires." The statutory language explicitly establishes immunity not only for injury resulting from the condition of fire-fighting equipment or facilities but also for conduct of firemen in fighting fires.

The Law Revision Commission comment states: "Section 850.4 provides for absolute immunity from liability for injury caused in fighting fires (other than injuries resulting from operation of motor vehicles) or from failure to properly maintain fire protection equipment or facilities. There are adequate incentives to careful maintenance of fire equipment without imposing tort liability; and firemen should not be deterred from any action they may desire to take in combating fires by a fear that liability might be imposed if a jury believes such action to be unreasonable." (4 Cal. Law Revision Com. Rep. (1963) p. 862.)

■ The California Law Revision Commission (hereinafter "Commission") was authorized by the California Legislature to study the doctrine of governmental immunity in California. (Assembly Concurrent Resolution No. 22 (1957 Stats.) Resolution ch. 202, pp. 4589-4590 (Topic 15).) Its recommendations were transmitted to the Legislature in 1963 (4 Cal. Law Revision Com. Rep. (1963) p. 803). Government Code section 850.4 was adopted exactly as proposed by the Commission (4 Cal. Law Revision Com. Rep., *supra*, p. 862). The Commission's comment is to be given "substantial weight" in construing section 850.4. (*Keeler* v. *Superior Court* (1970) 2 Cal.3d 619, 630 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420].) Moreover, the Commission's comment that section 850.4 "provides for *absolute immunity* from liability for injury caused in fighting fires" (italics added) has been accepted by the California Supreme Court. (*Heieck and Moran* v. *City of Modesto* (1966) 64 Cal.2d 229, 233, fn. 3 [49 Cal.Rptr. 377, 411 P.2d 105].) Other courts have also relied on the Commission's comments in construing sections of the California Tort Claims Act of 1963. (See *Hernandez* v. *State of California* (1970) 11 Cal.App.3d 895, 899 [90 Cal.Rptr. 205]; *Sava* v. *Fuller* (1967) 249 Cal.App.2d 281, 292 [57 Cal.Rptr. 312]; *Flournoy* v. *State of California* (1964) 230 Cal.App.2d 520, 527-529 [41 Cal.Rptr. 190].) ■ Thus, section 850.4 absolves respondent for any negligence of its employees acting within the scope of their employment while attempting to extinguish the fire in appellant's building.

Appellant further argues that section 850.4 does not exempt respondent from liability for the negligent "acts or omissions" of its employees while engaging in fire-fighting activities. He reasons that if the Legislature had intended such a meaning of section 850.4, the section would have contained the words "acts or omissions" as did section 815.2.[2]

Section 850.4 reads: "Neither a public entity, nor a public employee acting in the scope of his employment, is liable . . . for any injury caused in fighting fires." The language "injury caused" necessarily implies that an "act or omission" has occurred; otherwise the phrase would have no meaning. Section 850.4 thus provides for absolute immunity for any injury caused by fire-fighting personnel acting within the scope of their employment.

■ Appellant contends that his cause of action against respondent was for the negligence of its firemen in failing to "rescue" him rather than for negligence in fighting the fire; therefore, he argues, the absolute immunity created by section 850.4 does not apply. The argument has some support in Professor Van Alstyne's assertions in his study prepared for the California Law Revision Commission. (5 Cal. Law Revision Com. Rep., *A Study Relating to Sovereign Immunity* (1963) at pp. 456-486.) In addition to arguing generally against absolute governmental immunity in fire-fighting activity, Professor Van Alstyne suggested that there should be some definitional guidance as to what constitutes fire-fighting activity. (*Id.* at pp. 473-475.) The legislation did not provide such guidance. The Legislature did, however, adopt section 850.8 (imposing liability for willful negligence in transporting an injured person from the scene of a fire)[3] suggesting the inference that section 850.4's absolute immunity applied broadly to any injury caused in the course of fighting fires (including injuries occasioned in rescuing persons trapped in a burning structure). If the Legislature had not contemplated such a broad inclusion of activities within the term "fighting fires," there

---

[2]Government Code, section 815.2: "(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

(b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

[3]Section 850.8 provides, in part: "Neither a public entity nor a public employee is liable for any injury sustained by the injured person as a result of or in connection with such transportation or for any medical, ambulance or hospital bills incurred by or in behalf of the injured person or for any other damages, but a public employee is liable for injury proximately caused by his willful misconduct in transporting the injured person or arranging for such transportation."

■

would have been no reason to adopt section 850.8 as a limitation on absolute governmental immunity. (But see Van Alstyne, Cal. Government Tort Liability (Cont. Ed. Bar 1964) p. 619.)

We conclude that the trial court acted correctly in determining that firemen's activities in "rescuing" appellant had occurred in the course of their fire-fighting function, for which section 850.4 provides an absolute immunity.

The appeal is dismissed.

Rattigan, Acting P. J., and Emerson, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.