[Civ. No. 22311. Fourth Dist., Div. One. Jan. 12, 1981.]

LANDIS POTTER, Plaintiff and Appellant, v. CITY OF OCEANSIDE, Defendant and Respondent.

**COUNSEL**

Thistle, Krinsky, Idler & Lambert and Dwight W. Moore for Plaintiff and Appellant.

Daley & Heft and Robert R. Heft for Defendant and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—Landis Potter appeals a judgment dismissing his complaint for negligence against the City of Oceanside.

Potter's complaint alleges: Potter was operating a trenching machine which broke a natural gas line, causing gas to escape. Potter summoned help and employees of the city's fire department arrived. The fire captain negligently told Potter to start the trenching machine and move it from the area. When Potter started the machine, the escaping natural gas ignited and exploded, injuring Potter.

The superior court sustained the city's demurrer to Potter's complaint on the ground the city is immune from liability under Government Code section 850.4. Potter did not amend within 30 days after the demurrer was sustained, and the court granted the city's motion to dismiss the action. Potter appeals the judgment of dismissal.

Under Goverment Code section 850.4, a public entity is not liable for any injury caused in fighting fires. ■ To further the goal of compensating injured parties for damages caused by negligent acts, section 850.4 should be construed to bar governmental liability only where the Legislature has clearly intended immunity (*H & M Associates* v. *City of El Centro* (1980) 109 Cal.App.3d 399, 406 [167 Cal.Rptr. 392]). The Legislature could have granted immunity to firemen "acting in the scope of their employment" or "acting to prevent fires," but chose to bar liability only for injuries caused in "fighting fires." ■ Here Potter does not allege the fire captain was fighting a fire when he told Potter to start the trenching machine; the alleged negligent act occurred before any fire started. In fact, Potter alleges the fire captain's negligence caused the escaping gas to ignite and explode. Potter's complaint as pleaded is not barred by Government Code section 850.4. The superior court erred in sustaining the city's demurrer.

The judgment is reversed.

Staniforth, J., and Work, J., concurred.

A petition for a rehearing was denied February 3, 1981, and respondent's petition for a hearing by the Supreme Court was denied March 11, 1981. Newman, J., was of the opinion that the petition should be granted.