[Civ. No. 52470. First Dist., Div. Five. Apr. 26, 1983.]

ROBERT A. LEWIS, Plaintiff and Appellant, v.
MENDOCINO FIRE PROTECTION DISTRICT, Defendant and Respondent.

346

**COUNSEL**

Robert R. Harlan, Stephen F. Boutin, Jane Dickson and Downey, Brand, Seymour & Rohwer for Plaintiff and Appellant.

Anthony E. Graham for Defendant and Respondent.

**OPINION**

**LOW, P. J.**—In this case we hold that Government Code section 850.4 does not grant immunity to a fire district when its personnel negligently injure a person rescued during a nonfirefighting incident.

Robert A. Lewis appeals from a judgment entered after the trial court sustained defendant's demurrer on the ground that section 850.4 provides governmental immunity against plaintiff's lawsuit for injuries allegedly sustained during defendant's rescue operations. We reverse.

Plaintiff alleged that while he was camping at Russian Gulch State Park an 85-foot tree fell on his tent, trapping him underneath; that members of the Men-

docino Volunteer Fire Department responded to the emergency; and that during the rescue, they negligently tried to remove the tree with the result that it twice fell back onto plaintiff further injuring him.

Government Code section 850.4 provides: "Neither a public entity, nor a public employee acting in the scope of his employment, is liable for any injury resulting from the condition of fire protection or firefighting equipment or facilities *or* except as provided in Article 1 (commencing with Section 17000) of Chapter 1 of Division 9 of the Vehicle Code [negligent operation of a motor vehicle], *for any injury caused in fighting fires.*" (Italics added.)

■ In interpreting section 850.4 we follow the rule of construction that furthers the goal of compensating injured parties for damages caused by negligent acts. The section should be construed to bar governmental liability only where the Legislature has clearly intended immunity. (*Potter* v. *City of Oceanside* (1981) 114 Cal.App.3d 564, 566 [170 Cal.Rptr. 753]; *H & M Associates* v. *City of El Centro* (1980) 109 Cal.App.3d 399, 406 [137 Cal.Rptr. 392].) In governmental tort cases, the rule is liability; immunity is the exception. (*Ramos* v. *County of Madera* (1971) 4 Cal.3d 685, 692 [94 Cal.Rptr. 421, 484 P.2d 93].)

The Legislature's intent is reflected in the Law Revision Commission's comment to section 850.4 as proposed and ultimately adopted. (See 2 Sen. J. (1963 First Reg. Sess.) p. 1885; 3 Assem. J. (1963 First Reg. Sess.) p. 5439.) The Law Revision Commission stated that "[s]ection 850.4 provides for absolute immunity from liability for injury caused in *fighting fires* (other than injuries resulting from operation of motor vehicles) or from failure to properly maintain fire protection equipment or facilities. There are adequate incentives to careful maintenance of fire equipment without imposing tort liability; and firemen should not be deterred from any action they may desire to take in *combatting fires* by a fear that liability might be imposed if a jury believes such action to be unreasonable." (4 Cal. Law Revision Com. Rep. (1963) p. 862; italics added.)

■ The commission and the Legislature intended to provide immunity only for negligent acts committed during the course of fighting fires. Although this rescue operation may be within the normal activities of today's fire department, it was unrelated to combatting fires and therefore is beyond the grant of governmental immunity. Other courts which have interpreted section 850.4 are in agreement.

In *Potter* v. *City of Oceanside, supra,* 114 Cal.App.3d 564, plaintiff's complaint for negligence against the city alleged that he was operating a trenching machine which punctured a natural gas pipeline, causing gas to escape. The

city's fire department responded to plaintiff's request for help. The fire captain negligently told plaintiff to start the trenching machine and move it to another area. When he did so, the escaping natural gas ignited and exploded, injuring plaintiff. The trial court sustained the city's demurrer. The Court of Appeal reversed holding that section 850.4 ". . . bar[s] liability only for injuries caused in 'fighting fires.'" (*Id.*, at p. 566.) The fire captain's alleged negligence occurred *before* any fire started. Accordingly, the court concluded that the complaint for personal injuries was not barred by section 850.4. (*Ibid.*)

In *Heimberger* v. *City of Fairfield* (1975) 44 Cal.App.3d 711 [117 Cal.Rptr. 482], plaintiff sued the city for injuries allegedly sustained when city firemen attempted to rescue plaintiff who was trapped inside a burning building. In affirming the trial court's decision to sustain the city's demurrer, the Court of Appeal concluded that ". . . section 850.4 absolves respondent for any negligence of its employees acting within the scope of their employment while attempting to extinguish the fire in appellant's building." (*Id.*, at p. 714.)

In *Bettencourt* v. *State of California* (1975) 51 Cal.App.3d 892 [124 Cal.Rptr. 542], plaintiff sought recovery for the deaths of his cows who wandered through an opening in the fence and onto the highway. The complaint alleged that the hole in the fence was cut by state firefighters who entered onto plaintiff's property to combat a grass fire. The court held that ". . . the injury was 'caused' by the defendant 'in fighting fires' within the meaning of section 850.4; . . ." and therefore defendant was immune from liability. (*Id.*, at p. 894, fn. omitted.)

When it enacted section 850.4 the Legislature could have exempted defendant from tort liability arising from *all* emergency rescue operations, and not merely those related to combatting fires. The Legislature did not do so. We commend the volunteers of defendant fire protection district for their selfless and heroic acts in the face of substantial risks to their own safety. We are also aware that our decision might have a chilling effect on a fire department's willingness to respond to life-threatening but nonfire-related emergencies.

However, to construe the statute as defendant requests would usurp the policy making function of the Legislature. The Legislature is better equipped to strike a balance between the need to encourage these noble activities of rescuing people in emergencies and the need to provide compensation to the person injured by the negligent conduct of public employees. The legislative arena with its attendant apparatus of hearings and experts' reports is best suited to resolve this.

We find no merit in defendant's other contention that it is immune from liability under that portion of section 850.4 which provides immunity for in-

juries "resulting from the condition of fire protection or firefighting equipment . . . ." The complaint did not allege that the portable jacks used by defendant's personnel in attempting to lift the tree were defective or poorly maintained.

Reversed.

King, J., and Haning, J., concurred.

A petition for a rehearing was denied May 10, 1983, and respondent's petition for a hearing by the Supreme Court was denied June 22, 1983. Mosk, J., was of the opinion that the petition should be granted.