[No. B201881. Second Dist., Div. Six. Feb. 4, 2008.]

THE PEOPLE ex rel. RUBEN GRIJALVA, as Director, etc., Petitioner, v. THE SUPERIOR COURT OF VENTURA COUNTY, Respondent; UNITED WATER CONSERVATION DISTRICT et al., Real Parties in Interest.

**Counsel**

Edmund G. Brown, Jr., Attorney General, Mary E. Hackenbracht, Assistant Attorney General, Gary Tavetian and Michael W. Hughes, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Brown, Brown & Klass, Delos E. Brown and John L. Stumreiter for Real Parties in Interest.

**Opinion**

**YEGAN, J.**—Real parties in interest admit they are legally responsible for starting the Piru fire on October 23, 2003. The fire burned for two weeks, ultimately consuming some 64,000 acres and costing $3,871,695 to combat. Petitioner, the California Department of Forestry and Fire Protection, seeks to recover its firefighting costs pursuant to Health and Safety Code sections 13009 and 13009.1. Real parties in interest contend petitioner's negligence caused the blaze to grow from 1,200 acres to 64,000 acres, vastly increasing those costs. Their answer alleges affirmative defenses of comparative negligence and failure to mitigate damages. Petitioner moved for judgment on the pleadings, contending the affirmative defenses were barred by the immunities granted for firefighting in Government Code sections 850, 850.2 and 850.4. Respondent superior court denied the motion. Petitioner seeks a writ of mandate directing respondent to vacate its prior order and grant petitioner judgment on the affirmative defenses. We issued an order to show cause, obtained briefing and heard oral argument. We grant the writ.

*Facts and Procedural History*

A spark from construction equipment operated by an employee of real parties in interest started a brush fire near Lake Piru in October 2003. Within

two days, about 1,200 acres had burned but petitioner's firefighters had the blaze 90 percent contained. Real parties in interest allege that petitioner then failed to douse the flames completely and instead began to demobilize its firefighting resources. The fire then burned out of control, consuming some 64,000 acres of forest land before finally burning itself out 10 days later.

In October 2005, petitioner sought to recover its firefighting costs by filing a complaint against real parties in interest for breach of contract, negligence, negligence per se and public nuisance. Real parties in interest's answer alleged affirmative defenses including comparative fault and failure to mitigate damages. They contended that petitioner was responsible for most of the firefighting costs because petitioner created the larger blaze when it failed to extinguish the original, smaller fire. Petitioner filed a motion for judgment on the pleadings with respect to real parties in interest's affirmative defenses. It contended the affirmative defenses were not available to real parties in interest as a matter of law because the state is absolutely immune from liability for its firefighting efforts. (Gov. Code, §§ 815, 850, 850.2, 850.4.) The trial court denied petitioner's motion, relying on *People v. Southern Cal. Edison Co.* (1976) 56 Cal.App.3d 593 [128 Cal.Rptr. 697].

### *Statutory Framework*

█ The Government Code immunizes public entities, including petitioner, from liability for injuries caused in fighting fires. Government Code section 850 provides: "Neither a public entity nor a public employee is liable for failure to establish a fire department or otherwise to provide fire protection service." █ Subsequent sections of the same code immunize public entities from liability for "any injury resulting from the failure to provide or maintain sufficient personnel, equipment or other fire protection facilities" (Gov. Code, § 850.2), or for "any injury resulting from the condition of fire protection or firefighting equipment or facilities or, . . . for any injury caused in fighting fires." (Gov. Code, § 850.4.)

█ Health and Safety Code section 13009, subdivision (a) provides, "Any person . . . who negligently, or in violation of the law, sets a fire, allows a fire to be set, or allows a fire kindled or attended by him or her to escape onto any public or private property . . . is liable for the fire suppression costs incurred in fighting the fire and for the cost of providing rescue or emergency medical services, and those costs shall be a charge against that person. The charge shall constitute a debt of that person, and is collectible by the person, or by the federal, state, county, public, or private agency, incurring those costs in the same manner as in the case of an obligation under a contract, expressed or implied." This liability may also include costs incurred to investigate and make reports about the fire as well as certain administrative costs. (Health & Saf. Code, § 13009.1.)

*People v. Southern California Edison Co.*

■ Public entities are entitled to be reimbursed for the cost of fighting fires that are negligently set or allowed to escape onto public or private property. Health and Safety Code sections 13009, 13009.1 do not impose a punishment or penalty for starting a fire, they provide the basis for an action to recover as compensatory damages the costs incurred by a public entity for fighting a fire. (*People v. Southern Cal. Edison Co., supra*, 56 Cal.App.3d at p. 604.) "Consequently, the general statutory provisions and case law governing compensatory damages must be read in conjunction with section 13009 in measuring the 'expenses' incurred in fighting fires." (*Id.* at p. 604.) Those general principles provide "that an award of compensatory damages must in every instance be reasonable . . . ." (*Ibid.*) Thus, "the proper measure for determining 'expense' incurred for fighting fires pursuant to [Health and Safety Code] section 13009 requires that (1) the expense claimed be incurred in fighting the fire, (2) that said expense be the proximate result of defendant's wrongful conduct, and (3) that said expense be reasonably incurred." (*Id.* at p. 605.) Unless the evidence is undisputed, the parties are entitled to have a jury resolve these factual issues. (*Ibid.*)

■ The court in *People v. Southern Cal. Edison Co., supra*, 56 Cal.App.3d 593, rejected the idea that firefighting expenses could be assessed against a responsible party without regard to their reasonableness or to whether the expenses were actually related to the fire at issue. (*Id.* at p. 603.) It left undecided, however, the question of whether the Government Code immunities bar a responsible party from pursuing affirmative defenses, such as comparative negligence and mitigation of damages, in addition to direct claims for damages. ■ " 'An opinion is not authority for propositions not considered.' " (*Kinsman v. Unocal Corp.* (2005) 37 Cal.4th 659, 680 [36 Cal.Rptr.3d 495, 123 P.3d 931].)

### Statutory Immunity

■ The question left undecided in *People v. Southern Cal. Edison Co., supra*, 56 Cal.App.3d, 593, is, of course, squarely presented here. Petitioner correctly concedes that real parties in interest are entitled to question particular costs as excessive or unrelated to this fire. It contends, however, that real parties in interest may not use the affirmative defenses of comparative negligence or failure to mitigate damages to challenge the reasonableness of the methods it used (or did not use) to fight the fire. Real parties in interest contend the defenses are simply another way of arguing that the expenses incurred were unreasonable, a line of argument not foreclosed by the immunity statutes. The trial court appears to have adopted real parties in interest's analysis. We do not.

■ The immunities created in the Government Code shield public entities, such as petitioner, from liability based on the firefighting methods or tactics they employ. Thus, the Government Code immunizes public entities from liability for injuries caused by the failure "to provide fire protection service" (Gov. Code, § 850), and the failure to "provide or maintain sufficient personnel, equipment or other fire protection facilities." (Gov. Code, § 850.2.) The statutes preclude an action against a public entity for "failure to arrive at a fire in a timely manner," even where that failure is caused by the firefighters' negligence or willful misconduct. (*City and County of San Francisco v. Superior Court* (1984) 160 Cal.App.3d 837, 838–839 [207 Cal.Rptr. 6].) This broad grant of immunity means that public entities owe no duty to persons or property damaged by fire. Comparative fault principles do not apply because, "In the absence of duty, there can be no tort liability, and no fault can be allocated to a party that is not a tortfeasor." (*Munoz v. City of Union City* (2007) 148 Cal.App.4th 173, 179–182 [55 Cal.Rptr.3d 393].)

Real parties in interest protest that there is a difference between suing the government and defending against it. Statutory immunities apply, they insist, only to the former situation. Thus, according to real parties in interest, the Government Code would bar them from suing to recover damages caused by petitioners' faulty firefighting methods, but would allow them to reduce their own liability for firefighting costs by the same amount, based on the same alleged acts of negligence or inefficiency. This argument misunderstands both the purpose of sovereign immunity and the nature of the affirmative defenses at issue.

■ The affirmative defenses of comparative fault and failure to mitigate damages seek to limit a defendant's liability for compensatory damages based on the plaintiff's own fault or inefficiency. Application of either defense here would reduce petitioner's recovery based on a judge or jury's finding that petitioner used unreasonable or inefficient methods to fight the fire. This is precisely the line of argument foreclosed by the Government Code. The immunity statutes protect firefighters and firefighting entities from incurring a financial penalty based on the "fire protection service," "personnel, equipment or other fire protection facilities," they provide, or do not provide. (Gov. Code, §§ 850, 850.2, 850.4.) The statutes mandate that no percentage of fault or liability for fire-related damage may be ascribed to a public entity. (*Munoz v. City of Union City, supra*, 148 Cal.App.4th at p. 182.) ■ Thus, the public entity's recovery of firefighting costs cannot, consistent with the Government Code, be reduced based on its own negligence or its failure to minimize firefighting costs. The affirmative defenses of comparative fault and failure to mitigate damages therefore cannot be available in an action to recover firefighting costs under Health and Safety Code sections 13009 and 13009.1.

## Waiver of Immunity by Filing Suit

■ Real parties in interest contend petitioner waived its immunity by filing this lawsuit. We disagree. Government Code section 815 provides there is no implied waiver of statutory immunities. Pursuant to that statute, public entities are immune from liability, "[e]xcept as otherwise provided by statute . . . ." (Gov. Code, § 815.) "[S]overeign immunity is the rule in California; governmental liability is limited to exceptions specifically set forth by statute." (*Cochran v. Herzog Engraving Co.* (1984) 155 Cal.App.3d 405, 409 [205 Cal.Rptr. 1].) Here, the statutes grant immunity rather than waive it. Real parties in interest's reliance on *People ex rel. Mosk v. Barenfeld* (1962) 203 Cal.App.2d 166 [21 Cal.Rptr. 501] and *People v. Lang Transportation Corp.* (1941) 43 Cal.App.2d 134 [110 P.2d 464], is misplaced because these cases predate adoption of the Government Tort Claims Act. To the extent they recognize an implied waiver of the state's sovereign immunity, the cases have been superseded by adoption of Government Code section 815.

## Mitigation Defense

■ Nor does Government Code section 814 resurrect real parties in interest's mitigation defense. That statute provides, "Nothing in this part affects liability based on contract or the right to obtain relief other than money or damages against a public entity or public employee." Real parties in interest contend their affirmative defense of failure to mitigate damages survives because Health and Safety Code section 13009 creates an implied-in-law contract between petitioners and real parties in interest. As petitioner contends, however, this affirmative defense is just a "back door" attempt to introduce comparative fault or mitigation principles where they have been barred by the more specific provisions of the Government Code. Our Supreme Court has rejected similar attempts to narrow the scope of governmental immunity by reference to rules of general application. It held in *Caldwell v. Montoya* (1995) 10 Cal.4th 972 [42 Cal.Rptr.2d 842, 897 P.2d 1320], that the specific immunities provided in the Government Code "prevail over general rules of actionable duty . . . ." (*Id.* at p. 985, italics omitted.) Thus, affirmatives defenses such as the duty to mitigate damages, that might be available against a private litigant, are foreclosed where the state is a party.

## Disposition

Let a peremptory writ of mandate issue directing the superior court to vacate its previous order denying petitioner's motion for judgment on the pleadings and to enter a new order granting the motion without leave to

amend with respect to the first, second, third and fourth affirmative defenses alleged by real parties in interest. The order to show cause, having served its purpose, is discharged. Petitioner to recover its costs.

Gilbert, P. J., and Perren, J., concurred.

A petition for a rehearing was denied March 4, 2008, and the petition of real parties in interest for review by the Supreme Court was denied April 30, 2008, S161835. Kennard, J., was of the opinion that the petition should be granted.