Filed 3/1/13  Goff v. County of Los Angeles CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JULIUS GOFF et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>    Defendants and Respondents. | B229685<br><br>(Los Angeles County<br>Super. Ct. No. BC442094) |
| NANCY GJERSET et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>    Defendants and Respondents. | B229765<br><br>(Los Angeles County<br>Super. Ct. No. BC444447) |
| CINDY PAIN et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>    Defendants and Respondents. | B231482<br><br>(Los Angeles County<br>Super. Ct. No. BC444448) |

| PETER M. LORETTA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ORANGE COUNTY FIRE AUTHORITY,<br><br>    Defendant and Respondent. | B240035<br><br>(Los Angeles County<br>Super. Ct. No. BC442307)<br><br>**ORDER MODIFYING OPINION**<br><br>**[NO CHANGE IN JUDGMENT]** |
| --- | --- |

THE COURT:*

It is ordered that the opinion filed on January 31, 2013, be modified as follows:

On page two, the sixth paragraph is modified to read as follows:

"Collins Collins Muir + Stewart, Tomas A. Guterres, Christian E. Foy Nagy, Christie B. Swiss and Melinda W. Ebelhar for Defendant and Respondent County of Los Angeles."

There is no change in the judgment.

---

*      BOREN, P. J.        ASHMANN-GERST, J.        CHAVEZ, J.

Filed 1/31/13  Goff v. County of Los Angeles CA2/2 (unmodified version)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JULIUS GOFF et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>    Defendants and Respondents. | B229685<br><br>(Los Angeles County<br>Super. Ct. No. BC442094) |
| NANCY GJERSET et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>    Defendants and Respondents. | B229765<br><br>(Los Angeles County<br>Super. Ct. No. BC444447) |
| CINDY PAIN et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>    Defendants and Respondents. | B231482<br><br>(Los Angeles County<br>Super. Ct. No. BC444448) |

| PETER M. LORETTA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ORANGE COUNTY FIRE AUTHORITY,<br><br>    Defendant and Respondent. | B240035<br><br>(Los Angeles County<br>Super. Ct. No. BC442307) |
| --- | --- |

APPEALS from orders of the Superior Court of Los Angeles County. Mary H. Strobel, Judge. Affirmed.

Ball & Roberts, Stephen C. Ball, John A. Roberts and Erika P. Licón for Plaintiff and Appellant Julius Goff.

Johnston & Hutchinson and Thomas J. Johnston for Plaintiffs and Appellants Nancy Gjerset and Ronald Gjerset.

Johnston & Hutchinson and Thomas J. Johnston for Plaintiffs and Appellants Cindy Pain, Duncan Pain and Debra Belcher.

Sottile Baltaxe, Timothy B. Sottile, Michael F. Baltaxe, Wendy K. Marcus and Jeremy D. Scherwin for Plaintiff and Appellant Peter M. Loretta.

Collins Collins Muir + Stewart, Tomas A. Guterres, Christian E. Foy Nagy and Christie B. Swiss for Defendant and Respondent County of Los Angeles.

Haight Brown & Bonesteel, Kevin M. Osterberg and Jules S. Zeman for Defendant and Respondent Orange County Fire Authority.

\* \* \* \* \* \*

In four separate actions, similarly-situated plaintiffs and appellants Julius Goff, Nancy Gjerset, Ronald Gjerset, Cindy Pain, Duncan Pain, Debra Belcher and Peter M. Loretta alleged that employees of the County of Los Angeles, including the Los Angeles County Fire Department and Los Angeles County Sheriff's Department (collectively

County) and the Orange County Fire Authority (OCFA) acted negligently and in breach of their statutory duties when they told appellants they would notify them of any mandatory evacuation necessitated by a massive, ongoing fire, but then failed to notify them or otherwise discharge the evacuation order once it was issued. The trial court sustained demurrers without leave to amend on the ground that Government Code sections 850, 850.2 and 850.4 provided absolute immunity against the claims.

We affirm. The language, legislative history and application of Government Code section 850.4 demonstrate that it was intended to provide public entity employees with absolute immunity from liability "for any injury caused in fighting fires," which includes the type of firefighting methods or tactics alleged here.

### FACTUAL AND PROCEDURAL BACKGROUND

We set forth the facts consistent with the standard of review applicable to appeals from judgments of dismissal following the trial court's sustaining demurrers without leave to amend. Thus, we accept as true the facts properly pleaded in the complaints, as well as any facts of which judicial notice was properly taken. (E.g., *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; *Zenith Ins. Co. v. O'Connor* (2007) 148 Cal.App.4th 998, 1006.)

Beginning on August 26, 2009 and lasting for approximately six weeks, the "Station Fire" burned over 160,000 acres, or 250 square miles, in the San Gabriel Mountains. The arson-induced fire caused the death of two firefighters and injury to 22 other individuals; it destroyed or damaged over 200 structures, including over 100 residences. The Station Fire was the largest wildfire in the recorded history of the Los Angeles National Forest.

Appellants were residents of Vogel Flats, an area in Tujunga affected by the Station Fire. According to appellants, the County and the OCFA were jointly charged with executing evacuation orders during the fire. On August 28, 2009, appellants were specifically informed by County and OCFA employees that they would be notified if there was a mandatory evacuation order as a result of the Station Fire. During the

3

morning hours on August 29, 2009, County and OCFA employees told certain appellants "that there was no need to evacuate and that they had nothing to fear from the fire and that there would be sufficient fire suppression personnel and equipment to protect the Vogel Flats community." County and OCFA employees further informed them that they "would be promptly notified should the need to evacuate arise" or that they "would be notified if there was a mandatory evacuation order occasioned by the Station Fire."

On either August 28 or 29, 2009, a mandatory evacuation notice was issued. County and OCFA employees, however, failed to discharge the evacuation order, and as a result appellants "were uninformed of the evacuation order, were unaware of the danger of the fast approaching wildfire" and were trapped in their neighborhood and unable to evacuate when the fire reached them. Consequently, some appellants suffered personal injuries, while others suffered property damage.

Appellants filed four complaints in July and August 2010, alleging causes of action for negligence and breach of a mandatory duty in violation of Government Code sections 815.2 and 815.6, respectively.[1] As part of their negligence cause of action, appellants alleged: "[E]mployees of the defendant public entities created a peril by inducing the reliance of [appellants] upon the assurances given them on August 28, 2009 and early August 29, 2009 by the public entity employees that [appellants were] not in imminent danger from the Station Fire and by promising [appellants] that they would be adequately warned if they were in imminent danger." Appellants further alleged that if the County and OCFA employees had acted reasonably and "not lulled [them] into a false sense of security and given [them] the promised evacuation order notification, [they] would have been able to evacuate the area unharmed with [their] personal property."

Separately, the County and the OCFA demurred to the complaints on the grounds that appellants failed adequately to allege a duty of care and their claims were barred by governmental immunity as provided by sections 845, 850, 850.2 and 850.4. Appellants

---

[1] Unless otherwise indicated, all further statutory references are to the Government Code.

4

opposed the demurrers, asserting they had adequately pled their causes of action and their allegations were outside the scope of any immunity afforded by statute.

At a November 19, 2010 hearing involving three of the four matters, the trial court sustained the demurrers without leave to amend, ruling that statutory immunity applied to the acts about which appellants complained. On January 7, 2011, the trial court sustained both the demurrers without leave to amend on the remaining case and the OCFA's demurrer in the Loretta matter.

The trial court entered orders of dismissal in December 2010, and we consolidated the appeals that followed.


## DISCUSSION

Appellants contend that the trial court erred in sustaining the demurrers without leave to amend, asserting that governmental immunity does not bar liability where the allegations involve the failure to warn. We conclude the trial court properly ruled that the fire protection statutes broadly immunize the conduct alleged here.


## I.      Standard of Review.

An appeal lies from a dismissal order after a demurrer is sustained without leave to amend. (Code Civ. Proc., §§ 581d, 904.1, subd. (a); *Serra Canyon Co. v. California Coastal Com.* (2004) 120 Cal.App.4th 663, 667.) We review the trial court's sustaining a demurrer without leave to amend de novo, exercising our independent judgment as to whether a cause of action has been stated as a matter of law. (*Schifando v. City of Los Angeles, supra,* 31 Cal.4th at p. 1081; *People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 300.) We may affirm if any ground raised in the demurrer is well taken. (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742; *Hayter Trucking, Inc. v. Shell Western E&P, Inc.* (1993) 18 Cal.App.4th 1, 13.) We assume the truth of properly-pleaded allegations in the complaint and give the complaint a reasonable interpretation, reading it as a whole and with all its parts in their context. (*People ex rel. Lungren v. Superior Court, supra*, at p. 300; *SC Manufactured Homes, Inc. v. Liebert* (2008) 162 Cal.App.4th 68, 82.) "We do

5

not, however, assume the truth of the legal contentions, deductions or conclusions; questions of law, such as the interpretation of a statute, are reviewed de novo." (*Caliber Bodyworks, Inc. v. Superior Court* (2005) 134 Cal.App.4th 365, 373.) We may disregard allegations which are contrary to law or to a fact of which judicial notice may be taken. (*Wolfe v. State Farm Fire & Casualty Ins. Co.* (1996) 46 Cal.App.4th 554, 559–560.)

We apply the abuse of discretion standard in reviewing the trial court's denial of leave to amend, determining whether there is a reasonable probability that the defect can be cured by amendment. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Leibert v. Transworld Systems, Inc.* (1995) 32 Cal.App.4th 1693, 1701.) Appellants bear the burden of proving the trial court erred in sustaining the demurrers or abused its discretion in denying leave to amend. (*Blank v. Kirwan, supra*, at p. 318; *Coutin v. Lucas* (1990) 220 Cal.App.3d 1016, 1020.)

**II.    The Trial Court Properly Sustained the Demurrers Without Leave to Amend.**

The trial court ruled that the statutes providing immunity for firefighting and fire protection efforts applied to the actions allegedly undertaken by the County and the OCFA. Typically, we would first determine whether appellants stated a valid cause of action and then discuss the availability of statutory immunity. But where, as here, the application of statutory immunity is dispositive, we may turn first to the question of governmental immunity and necessarily assume—without deciding—that appellants adequately stated a cause of action. (See *Kisbey v. State of California* (1984) 36 Cal.3d 415, 418, fn. 3; *Lainer Investments v. Department of Water & Power* (1985) 170 Cal.App.3d 1, 7 (*Lainer*).)

*A.    The County and the OCFA Were Statutorily Immune from Liability.*

"'Except as otherwise provided by statute,' a public entity 'is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public

6

employee or any other person.' (Gov. Code, § 815, subd. (a).)[2]  This statute, part of the Tort Claims Act (Gov. Code, § 810 et seq.), abolished all common law or judicially declared forms of liability.  The law's clear purpose was ""'not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances.'"'" (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1127.)" (*Ellerbee v. County of Los Angeles* (2010) 187 Cal.App.4th 1206, 1214.)  ""'"Moreover, under subdivision (b) of section 815, the immunity provisions of the California Tort Claims Act . . . will generally prevail over any liabilities established by statute.  [Citations.]  In short, sovereign immunity is the rule in California; governmental liability is limited to exceptions specifically set forth by statute."' [Citations.]" (*Wright v. State of California* (2004) 122 Cal.App.4th 659, 671–672; accord, *Lainer, supra,* 170 Cal.App.3d at pp. 6–7.)

At issue here are the statutes affording immunity for fire protection service. Section 850 provides:  "Neither a public entity nor a public employee is liable for failure to establish a fire department or otherwise to provide fire protection service." Section 850.2 provides:  "Neither a public entity that has undertaken to provide fire protection service, nor an employee of such a public entity, is liable for any injury resulting from the failure to provide or maintain sufficient personnel, equipment or other fire protection facilities."  Finally, section 850.4 provides as follows:  "Neither a public entity, nor a public employee acting in the scope of his employment, is liable for any injury resulting from the condition of fire protection or firefighting equipment or facilities or, except as provided in Article 1 (commencing with Section 17000) of Chapter 1 of Division 9 of the Vehicle Code, for any injury caused in fighting fires."  Additionally, section 845 addresses police protection and states that "[n]either a public entity nor a

---

[2]  Section 815 provides:  "Except as otherwise provided by statute:  [¶]  (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.  [¶]  (b) The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person."

public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide sufficient police protection service."**3**

The fire protection service statutes are construed to "'provide for a *broad* immunity from liability for injuries resulting in connection with fire protection service.'" (*Cairns v. County of Los Angeles* (1997) 62 Cal.App.4th 330, 335.)  In particular, section 850.4 "provides for absolute immunity for any injury caused by fire-fighting personnel acting within the scope of their employment." (*Heimberger v. City of Fairfield* (1975) 44 Cal.App.3d 711, 715 (*Heimberger*).)  In concluding that the Legislature intended for section 850.4 to apply broadly, courts have examined both the statute's language and legislative history.  (See generally *California Ins. Guarantee Assn. v. Workers' Comp. Appeals Bd.* (2012) 203 Cal.App.4th 1328, 1338 [in ascertaining legislative intent, the court first examines the statutory language and may consider legislative history as well as the consequences that would flow from a particular interpretation].)

In *Varshock v. Department of Forestry & Fire Protection* (2011) 194 Cal.App.4th 635, 641–643 (*Varshock*), the court examined the language of section 850.4.  It isolated the portion of the statute providing immunity for "'any injury caused in fighting fires,'" finding that the statute "establishes sovereign immunity from claims based on such injuries" and determining that each word in that phrase had significance.  (*Varshock, supra*, at p. 642.)  According to the statutory scheme, the word "injury" included "'death,

---

**3**      Because we agree with the trial court that the fire protection statutes—sections 850 and 850.2, and primarily section 850.4—provide absolute immunity, we need not address the effect of section 845.  In any event, we find distinguishable the case cited by appellants, *Mann v. State of California* (1977) 70 Cal.App.3d 773.  There, the court held that a police officer's conduct in leaving two stalled cars and their occupants stranded by the side of the road, without protective flares, was not a failure to provide any or to provide sufficient police protection services.  (*Id*. at p. 778.)  While that conclusion could call into question the application of section 850 (failure to provide fire protection) or section 850.2 (failure to provide sufficient fire protection) here, it has no bearing on the immunity provided by section 850.4 for "injury caused in fighting fires."

injury to a person, [and] damage to or loss of property.' (Gov. Code, §§ 810, 810.8.)" (*Ibid.*) In turn, the Legislature selected the word "any," which meant "'without limit and no matter what kind'" to modify the word "injury." (*Ibid.*) Finally, the language "caused in fighting fires" implied that an act or omission occurred in the course of fighting a fire, which would necessarily include acts or omissions of a public entity or public employee in responding to a fire. (*Id.* at pp. 642–643.) The *Varshock* court concluded "that by relieving public entities and employees of liability 'for any injury caused in fighting fires' under section 850.4, the Legislature intended immunity to apply to any claim based on death, personal injury, or property damage that results from an act or omission of a public entity or employee while responding to or combating an actual fire." (*Id.* at p. 643.)

A broad construction of section 850.4 is consistent with the statute's legislative history. The Legislature adopted section 850.4 exactly as it had been proposed by the Law Revision Commission (Commission), and the Commission's comment is entitled to great weight. (*Varshock, supra,* 194 Cal.App.4th at p. 647; *Heimberger, supra,* 44 Cal.App.3d at p. 714.) "The Law Revision Commission comment states: 'Section 850.4 provides for absolute immunity from liability for injury caused in fighting fires (other than injuries resulting from operation of motor vehicles) or from failure to properly maintain fire protection equipment or facilities. There are adequate incentives to careful maintenance of fire equipment without imposing tort liability; and firemen should not be deterred from any action they may desire to take in combating fires by a fear that liability might be imposed if a jury believes such action to be unreasonable.' (4 Cal. Law Revision Com. Rep. (1963) p. 862.)" (*Heimberger, supra,* at p. 714.) We accord the comment substantial weight in construing the statute and find significant the Commission's characterization of section 850.4 as providing "absolute immunity." (*Heimberger, supra,* at p. 714; see also *Cochran v. Herzog Engraving Co.* (1984) 155 Cal.App.3d 405, 413.)

Here, appellants alleged that after the Station Fire had been burning for two days, County and OCFA employees told them they would be notified of any mandatory evacuation; appellants relied on these statements; a mandatory evacuation notice was

9

issued the following morning; employees failed to discharge and inform appellants of the order; and, as a result, appellants were unable to evacuate and suffered injury. Two of the complaints included the additional allegation that County and OCFA employees told appellants that they did not need to evacuate and there would be adequate personnel and equipment to protect them. We agree with the trial court that the acts and omissions complained of were part and parcel of fire protection and firefighting efforts, and thus fall within the scope of the immunity provided by section 850.4 "for any injury caused in fighting fires."

Our conclusion is consistent with other decisions that have construed section 850.4 broadly to apply to a host of injuries resulting from negligent or reckless conduct occurring in connection with firefighting activity. In one of the first cases to address section 850.4, *Heieck and Moran v. City of Modesto* (1966) 64 Cal.2d 229, 230–231 (*Heieck and Moran*), the plaintiff alleged that his property suffered fire damage because, although the city fire department responded promptly with sufficient personnel and equipment to contain the fire, a city water valve had been turned off one month earlier to permit water main relocation and no city employee had advised the fire department about the shut-off. Notwithstanding that the city's failure to advise of the month-long water valve shut-off could have been construed as being too attenuated from actually fighting a fire, the court concluded that city was immune under either section 850.2 for the "'failure to provide or maintain sufficient . . . fire protection facilities'" or under section 850.4 in view of "the closed 'condition' of the water valve . . . ." (*Heieck and Moran, supra,* at p. 233.)

Several other cases have liberally characterized firefighting activities for the purpose of applying statutory immunity. In *Varshock, supra*, 194 Cal.App.4th at page 639, an individual perished when he was trapped in a fire engine after firefighters had instructed him to get in to escape another burning structure. Declining to apply the express statutory exception for the operation of a motor vehicle provided in section 850.4, the court held that immunity applied to the operation of a motor vehicle "at the scene of a fire as part of efforts to rescue persons or property from the fire or

10

otherwise combat the fire," but not when the vehicle was proceeding from another location to the fire. (*Varshock, supra*, at pp. 649, 650.) In *City and County of San Francisco v. Superior Court* (1984) 160 Cal.App.3d 837, 839, the court held that the immunity provided by section 850.4 applied to allegations that firefighters committed intentional, willful or reckless misconduct when they attended a party and left the firehouse unattended, which resulted in a delayed response to a fire that caused extensive property damage. The court found it inconsequential that the firefighters' activity involved willful or reckless conduct in failing to reach a fire and declined to construe section 850.4 to apply only to actions occurring after firefighters reach a fire. (*City and County of San Francisco v. Superior Court, supra,* at p. 842.) And in *Heimberger, supra*, 44 Cal.App.3d 711, the court held that section 850.4 applied to bar the appellant's claim for injury he sustained while firefighters tried to rescue him from a boarding house where he was trapped by a fire. The court specifically rejected the appellant's contention that immunity should not apply because he allegedly suffered injuries from a negligent failure to rescue as opposed to any negligence in fighting a fire; it reasoned "that firemen's activities in 'rescuing' appellant had occurred in the course of their fire-fighting function, for which section 850.4 provides an absolute immunity." (*Heimberger, supra,* at p. 716.)

In additional cases, courts have similarly applied section 850.4 broadly to a wide range of activities. (See, e.g., *People ex rel. Grijalva v. Superior Court* (2008) 159 Cal.App.4th 1072, 1078 [§ 850.4 immunity applied to bar affirmative defenses including comparative negligence against complaint filed by the California Department of Forestry and Fire Protection to recoup firefighting costs, even though the department's premature demobilization of firefighting resources caused the fire's severity]; *State of California v. Superior Court* (2001) 87 Cal.App.4th 1409, 1413–1414 [§ 850.4 immunity applied where pilot attempting to drop fire retardant material on a fire died as a result of public entity's negligent airplane maintenance or negligent flight path selection]; *Cairns v. County of Los Angeles, supra*, 62 Cal.App.4th at p. 336 [statutory immunity applied to bar nuisance claim stemming from the city's and county's continued road closure that made firefighter ingress and egress virtually impossible]; *Lainer, supra*, 170 Cal.App.3d

11

at pp. 8–9 [statutory immunity barred action against city after fire damaged a building when a city water valve installed on private property malfunctioned]; *Cochran v. Herzog Engraving Co., supra*, 155 Cal.App.3d at pp. 408, 413–414 [statutory immunity barred claim against public entities where fire occurred at premises as a result of combustible material that fire inspector had identified during an inspection years earlier but had not made appropriate recommendations therefor]; *Bettencourt v. State of California* (1975) 51 Cal.App.3d 892, 894 [§ 850.4 immunity applied to bar action alleging firefighters cut a wire fence to reach a fire and negligently failed to repair or notify the plaintiffs of the fence condition, resulting in cattle escaping and being struck by vehicles].)

We discern no meaningful distinction between the failure to advise of and carry out an evacuation order during a large-scale fire, and the type of conduct that has been held subject to immunity under the fire protection statutes, including maintaining a closed road (*Cairns v. County of Los Angeles, supra*, 62 Cal.App.4th at p. 336), leaving the firehouse for a social gathering (*City and County of San Francisco v. Superior Court, supra*, 160 Cal.App.3d at p. 842) or failing to notify owners of an opening in a fence (*Bettencourt v. State of California, supra,* 51 Cal.App.3d at pp. 893–894). As explained in *People ex rel. Grijalva v. Superior Court, supra,* 159 Cal.App.4th at page 1078, "[t]he immunities created in the Government Code shield public entities . . . from liability based on the firefighting methods or tactics they employ." Accordingly, the trial court properly ruled that allegations concerning the County's and the OCFA's negligence in failing to advise of or execute a fire evacuation plan and the damage resulting therefrom involved "injury caused in fighting fires" subject to immunity under section 850.4.

**B.     *Claims Involving a Failure to Warn Do Not Fall Outside the Scope of Statutory Immunity.***

Appellants maintain that while the fire protection immunity statutes are broad, they are insufficient to immunize a public entity from its employee's negligence in failing to warn. They assert that such conduct falls outside the scope of fire protection or firefighting covered by sections 850, 850.2 and 850.4. We disagree.

12

Appellants rely heavily on comments in both *City and County of San Francisco v. Superior Court, supra*, 160 Cal.App.3d 837 and *Heieck and Moran, supra*, 64 Cal.2d 229 that appear to suggest limitations on the scope of immunity. In *City and County of San Francisco v. Superior Court*, the plaintiffs alleged that firefighters recklessly participated in a social gathering, resulting in a delayed response to a fire, and the court reasoned that because "[g]etting to the fire quickly is of the very essence of firefighting," the absolute immunity of section 850.4 for injuries caused in "fighting fires" absolved the city and county from liability. (*City and County of San Francisco v. Superior Court, supra*, at pp. 841, 842.) The court then commented that section 850.4 "does not apply if firemen are engaged in an activity other than firefighting and thus has been held not to apply where the department responds to life-threatening but nonfire related emergencies," citing *Lewis v. Mendocino Fire Protection Dist.* (1983) 142 Cal.App.3d 345, superseded by statute as stated in *Ma v. City and County of San Francisco* (2002) 95 Cal.App.4th 488, 513, disapproved on another point in *Eastburn v. Regional Fire Protection Authority* (2003) 31 Cal.4th 1175, 1184. The *Lewis* court held that section 850.4 did not immunize public entity employees from claims that they negligently removed the plaintiff who was trapped underneath a fallen tree because the rescue did not occur during the course of combating a fire.[4] (*Lewis v. Mendocino Fire Protection Dist., supra,* at p. 347; accord, *Potter v. City of Oceanside* (1981) 114 Cal.App.3d 564, 566 [§ 850.4 did not apply to claim that fire captain negligently advised the plaintiff to move a trenching machine, which caused a natural gas line to explode, as there was no fire to fight when the captain made his statement].) Here, in contrast, appellants alleged conduct that occurred during the midst of a large-scale fire—precisely the type of conduct section 850.4 was intended to immunize.

---

[4]     The holding in citing *Lewis v. Mendocino Fire Protection Dist., supra,* 142 Cal.App.3d 345 precipitated the enactment of Health and Safety Code section 1799.107, which immunizes emergency rescue personnel engaged in emergency services. (*Ma v. City and County of San Francisco, supra,* 95 Cal.App.4th at pp. 512–513.)

Similarly, although *Heieck and Moran, supra*, 64 Cal.2d 229 held that immunity applied to allegations that public entity employees were negligent in failing to reopen a water valve for one month after it had been relocated, resulting in the unavailability of water to extinguish a fire, the court distinguished *Morgan v. County of Yuba* (1964) 230 Cal.App.2d 938. There, the court overruled a demurrer to allegations that sheriffs negligently failed to warn of a prisoner's release as promised, and as a result the prisoner killed the decedent. (*Id.* at pp. 941–942.) Explaining that the basis for liability in that case was the failure to carry out an alleged earlier promise to warn, the *Heieck and Moran* court stated: "In the present case it is not alleged that any city employee promised or represented that other assistance would be summoned when lack of water in the mains was discovered, and no duty to summon such assistance is either suggested or shown by plaintiff." (*Heieck and Moran, supra,* at p. 234.) Appellants construe this qualifying statement as indicating that the *Heieck and Moran* court would not have applied immunity under section 850.4 if there had been a promise or representation involved. To the contrary, the *Heieck and Moran* comment was directed to the threshold issue of whether the plaintiff's third cause of action stated a claim for the negligent failure to summon fire department water tank trucks once the employees discovered the lack of a water supply. (*Heieck and Moran, supra*, at p. 234.) The comment has no bearing here because we have assumed without deciding that appellants stated a cause of action.

It is significant, however, that the holding in *Morgan v. County of Yuba, supra,* 230 Cal.App.2d 938 was premised on the distinction between discretionary and ministerial acts—not on the fact the alleged conduct involved the failure to warn. Importantly, the *Morgan* court addressed immunity under section 820.2, which immunizes only discretionary acts. (*Morgan v. County of Yuba, supra,* at p. 942.) The court explained: "No discretion is exercised in warning those whom one has promised to warn of the impending release of a dangerous prisoner. . . . Whatever the policy of the law may or should be regarding the nature of the act performed, when an officer makes a theretofore-unpromised decision on the question whether or not he should warn a threatened victim of a prisoner's release, once the decision has been made and the

14

promise has been given, the act of carrying out the promise is not discretionary *in any sense.* [Citation.]" (*Id.* at pp. 942–943.) Because the alleged failure to warn was not a discretionary act, the immunity afforded by section 820.2 did not apply. (*Morgan v. County of Yuba, supra,* at pp. 942–943.)

Immunity under the fire protection statutes, however, is not dependent on whether conduct is discretionary or ministerial. The court in *State of California v. Superior Court, supra,* 87 Cal.App.4th at page 1413 expressly contrasted the limited sweep of section 820.2, "which does *not* immunize routine day-to-day or 'operational' decisions," with section 850.4 and related statutes, which "also immunize what may be called 'operational' negligence and mischance." (See also *Connelly v. State* (1970) 3 Cal.App.3d 744, 751 ["the Legislature insulated governmental entities against liability resulting from the ministerial act of a government employee in the area of fire protection"]; cf. *Pacific Bell v. City of San Diego* (2000) 81 Cal.App.4th 596, 606, fn. 7 [describing *Heieck and Moran, supra*, 64 Cal.2d 229, *Lainer, supra,* 170 Cal.App.3d 1 and *New Hampshire Ins. Co. v. City of Madera* (1983) 144 Cal.App.3d 298 as applying immunity under § 850.4 for routine operational negligence].)

Because section 850.4 and the related immunity statues apply regardless of whether the alleged conduct is discretionary or ministerial, appellants' reliance on *Wallace v. City of Los Angeles* (1993) 12 Cal.App.4th 1385 is also misplaced. There, immunity under section 850.4 was not at issue. Instead, the court concluded that immunity under sections 820.2 and 845 was unavailable to a detective who refrained from warning a witness about the dangers of her role and refrained from offering protection. It ruled that such actions involved neither discretionary decisions nor basic policy decisions subject to immunity. (*Wallace v. City of Los Angeles, supra,* at pp. 1402–1404.)

For different reasons, the court in *Bettencourt v. State of California, supra,* 51 Cal.App.3d 892 soundly rejected appellants' assertion that the County's and the OCFA's failure to warn them of the evacuation as promised is actionable because it did not occur as part of fighting a fire. In that case, the plaintiffs alleged that firefighters cut a wire

15

fence to reach a fire on their property. They further alleged that the firefighters left without repairing the fence or notifying them about its condition to enable the plaintiffs to repair it. As a result, the plaintiffs suffered injury when their cattle escaped through the fence and were killed. (*Id*. at p. 893.) After the trial court sustained a demurrer and dismissed the action, the plaintiffs argued on appeal that immunity under section 850.4 did not apply "because they have not alleged that the State was negligent 'in fighting fires' on their property; rather the alleged negligence was in not repairing the fence or notifying the plaintiffs, *after* the fire had been extinguished." (*Bettencourt v. State of California, supra,* at p. 894.)

The appellate court found no merit to appellants' argument. "The plaintiffs' injury came about because the defendant State, according to the complaint, 'entered plaintiffs' . . . property by cutting a wire fence in order to fight a grass fire of unknown origin;' the cattle then went through the open fence and were destroyed. Nothing could be more clear than that the injury was 'caused' by the defendant 'in fighting fires' within the meaning of section 850.4; therefore again nothing could be more clear than that immunity for this injury was intended by the statute. To accept plaintiffs' argument would be to transpose this positive reality into its negative counterpart and then to mischievously nullify it. Much of the immunity conferred by section 850.4 would thus evanesce, for with a theoretical negative ever present, a plaintiff need only allege his affirmative facts in their negative counterpart to thwart the legislative intent." (*Bettencourt v. State of California, supra*, 51 Cal.App.3d at p. 894, fn. omitted.) The court provided several examples of how immunity statutes could effectively be emasculated by allegations that an act outside the statutes' scope caused injury. For example, "[s]ection 818.8 gives a public entity an immunity for injury caused by a misrepresentation of its employee; a plaintiff is injured by such a misrepresentation; he maintains that it was not the misrepresentation that caused the injury but the failure later to retract it or to warn of it." (*Bettencourt v. State of California, supra*, at p. 895.)

Here, likewise, to accept appellants' argument that the failure to advise of an evacuation order falls outside the scope of section 850.4 because the conduct did not

16

occur in the throes of fighting a fire would allow artful pleading to thwart the Legislature's intent to provide public entity employees with absolute immunity while responding to or combating a fire. (*Varshock, supra*, 194 Cal.App.4th at p. 643; *Bettencourt v. State of California, supra*, 51 Cal.App.3d at p. 894.) Accordingly, we agree with the trial court that any injury appellants suffered by reason of not being informed of the evacuation order or relying on assurances that they would be advised of the order was an injury "caused in fighting fires" subject to immunity under section 850.4.

### C. Leave to Amend.

The trial court sustained the demurrers without leave to amend. Appellants have not suggested either below or on appeal how they might amend their complaints in a manner that would escape the broad reach of section 850.4; they therefore have not met their burden to show the trial court abused its discretion in denying leave to amend. (See, e.g., *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43 ["The plaintiff bears the burden of proving there is a reasonable possibility of amendment. . . . The plaintiff may make this showing for the first time on appeal. . . . [¶] To satisfy that burden on appeal, a plaintiff 'must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading'"].)

17

**DISPOSITION**

The orders of dismissal are affirmed.  The County and the OCFA are entitled to their costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.
                    BOREN

We concur:


_____, J.
    ASHMANN-GERST


_____, J.
    CHAVEZ

18